WOOD et al. v. THE GEORGIA RAILROAD AND BANKING CO.

| 84 | 363 |
| 93 | 631 |

| 84 | 363 |
| 127 | 809 |

Where the court cannot say, as a matter of law, that the facts alleged do not constitute negligence on the part of a railroad company, the case is for submission to the jury. It is for them to determine whether it was negligence to keep locked the closet in the passenger-coach, leaving no place for passengers to attend to calls of nature, and for all of the company's servants to remain away from the coach so that the closet could not be unlocked, and to stop the coach over a cut twenty feet deep without notice to passengers of the danger to which they would be exposed if they attempted to go out. February 10, 1890.

Railroads. Negligence. Practice. Before Judge GUSTIN. Bibb superior court. May term, 1889.

Reported in the decision.

DESSAU & BARTLETT, for plaintiffs.

J. C. C. BLACK, J. B. CUMMING and HARDEMAN, DAVIS & NOTTINGHAM, for defendant.

SIMMONS, Justice.

The minor children of Jackson Wood, by their next friend, brought their action against the railroad com-

pany, and alleged in substance as follows : That on the 10th day of December, 1886, Jackson Wood was a passenger on the train of defendant bound from Macon to James' Station; that defendant's train left the depot at Macon on the night of said day and proceeded on its usual course until it arrived at the bridge which crosses Ocmulgee river in said city, and then stopped for the purpose of attaching thereto some freight-cars which were in the railroad yard about a quarter of a mile away, and having stopped, the engine was detached from the train and went back to secure said freight-cars. The passenger-car in which said Jackson Wood was sitting was stopped immediately over and above a deep cut, said cut being about twenty feet in depth; that the trestle which supported the railroad bed at that point was not supplied with any guards or railing; no warning of any sort was given to Wood of the dangerous place at which the passenger-car was stopped; the door of the car was not locked, nor was any guard stationed at the door or on the platform to warn passengers of the danger to which they would be exposed in attempting to leave the car; that after the car had been standing at this place some time, Wood had occasion to leave the car to attend to a sudden and urgent call of nature, and walked out upon the platform and on to the steps thereof, and in stepping down, as he believed upon the ground, he fell through said trestle to the ground below and was killed, without any fault or negligence on his part; that the privy or closet on the car was locked, and no one of defendant's employés was present to unlock the same, and there was no other place provided for the use of passengers who wished to attend to calls of nature. Defendant knew that said cut was a dangerous place. It was in the night-time, and Wood could not and did not see or know that the car was immediately over said cut, but believed he was

alighting upon the ground.   Defendant had been in the habit of stopping at said place and taking on passengers there.

The defendant demurred to this declaration upon the ground that it set out no cause of action.   The court sustained the demurrer and dismissed the case, and plaintiff excepted.

Under the facts alleged in this declaration, we think the court erred in sustaining the demurrer to the same and dismissing the case.   We cannot say as a matter of law that the facts alleged in the declaration do not constitute negligence on the part of the defendant. We think the court should have submitted the facts to the jury, and allowed them to determine whether it was negligence on the part of the defendant in locking the privy door and having no place prepared for its passengers to attend to calls of nature ; in sending all of its servants and agents away from the car so that the water-closet or privy could not be unlocked, and in stopping the car over a cut twenty feet in depth without giving notice to the passengers of the danger to which they would be exposed if they attempted to leave the car.   If these facts are established on the trial of the case, we are inclined to think that the jury could infer negligence therefrom, and that the defendant would be liable.                *Judgment reversed.*