MILLER, next friend, *v*. EAST TENN., VA. & GA. RY. CO.

This case, under the evidence, is not quite clear enough to warrant the trial court in granting a nonsuit. Whether the railway company, having stopped the train immediately after the conductor called out the station, failed in extraordinary diligence towards the plaintiff by not warning him that the station had not been reached, so as to prevent him from alighting in the darkness of the night at an unsafe place, and whether the plaintiff, a youth of seventeen years, was negligent in so alighting without first assuring himself that the station had been reached or that the place was safe, are questions more proper for submission to a jury than for determination by the court on a motion for a nonsuit.

March 26, 1894. Argued at the last term.

Action for damages. Before Judge HENRY. Floyd superior court. March term, 1893.

DABNEY & FOUCHÉ and J. S. FOUCHÉ, for plaintiff.

McCUTCHEN & SHUMATE and HOSKINSON & HARRIS, for defendant.

SIMMONS, Justice.

Miller, a youth of seventeen years, was a passenger on the defendant's train from Rome to Cave Spring. As the train approached Cave Spring the usual signal of approach to the station was blown by the whistle of the locomotive, and shortly thereafter the conductor came into the car where the plaintiff was, and called out "Cave Spring" twice, and then went out of the front door. The plaintiff arose and went to the rear door of the car, supposing the train was about to stop at the station. It stopped about two hundred yards before reaching the station. It was about ten o'clock at night, the night was dark and drizzly and the train was late. As soon as the train stood still, the plaintiff, thinking it was at the station, stepped off in the darkness and fell into a ditch sloping off from the ends of the cross-ties, and was thereby seriously injured. These facts, with the others which appear in the record, it is

true, do not make a very clear case for a recovery against the railroad; but whether the conductor failed in extraordinary diligence in not warning the plaintiff that the station had not been reached, so as to prevent him from alighting in the darkness of the night at an unsafe place, and whether the plaintiff was negligent in so alighting without first assuring himself that the station had been reached or that the place was safe, were questions more proper for submission to a jury than for determination by the court on a motion for nonsuit.    In cases of this kind where the right to recover is doubtful, it is the better practice to leave the matter to be passed upon by the jury.    The jury is the tribunal upon which the law imposes the duty of determining doubtful questions of fact.    See *Wood* v. *Georgia Railroad Co.,* 84 *Ga.* 363; Ray on Imposed Duties, Passenger Carriers, §47, pp. 139, 141, citing New Jersey Central Railroad Co. *v.* VanHorn, 38 N. J. L. 133, and other cases, in which the facts were somewhat similar to those presented in the case at bar.                          ·    *Judgment reversed.*