## HASTINGS v. NORTHERN PAC. R. CO.

(Circuit Court, D. Washington, N. D. November 22, 1892.,

1. CARRIERS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action against a railroad company for damages for personal injuries caused by contracting a cold while traveling, the failure of plaintiff, who was inexperienced in traveling, to call attention of the company's employes to the cold condition of the car, before taking sick, would not preclude recovery, but its effect as bearing upon the question of contributory negligence should be left to the jury, to be determined from all the circumstances in the case.

2. New Trial—Application—Court Rules.

Rule 24 of the circuit court for the district of Washington provides that a motion for a new trial "shall be brought on for argument on the first succeeding motion day of the term at which it can be heard." Rule 55 provides that the court may in its discretion allow any act to be done after the time prescribed by the rules. *Held,* that the court has the power to pass upon such a motion, although not made at the time specially designated, when it is filed within the time fixed by stipulation of the parties

3. Argument to the Court—Reading Decisions—Presence of Jury.

In negligence cases the practice of reading decisions in the presence of the jury is not to be commended, but it is not error to permit such reading in the argument addressed to the court on questions of law after the evidence is in, when the matter read is pertinent to the issues under discussion.

At Law. Action by Mintie Carver for damages on the ground of personal injuries caused by suffering from cold while traveling in a car on defendant's road. Verdict and judgment in the sum of $2,000 for plaintiff. Defendant moved in due time for a new trial, alleging, as grounds therefor, error in law occurring upon the trial; insufficiency of the evidence to justify the verdict; the verdict is contrary to the instructions given by the court; said motion was not called for hearing at the time fixed by the rules of court, nor until after the death of the plaintiff. H. H. A. Hastings, her adm'nistrator, having been substituted as party plaintiff, objected to the hearing of said motion. Objection overruled, and motion denied.

E. P. Dole and Frank S. Southard, for plaintiff.
Andrew F. Burleigh, for defendant.

HANFORD, District Judge. The plaintiff makes an objection to the hearing of a motion for a new trial, which was filed within the time fixed by a written stipulation of the parties. Said objection is predicated upon that part of rule 24 of this court which prescribes that a motion for a new trial "shall be brought on for argument on the first succeeding motion day of the term at which it can be heard." This rule does no more than set a time for the hearing of a motion. If either party had appeared on the first motion day at which the judge who presided at the trial was present, and invoked the rule, the court would have been in duty bound to have granted a hearing, unless prevented from doing so by press of other business. But both parties failed to so appear, and the court has not been called upon to hear the motion until the present time. The rule is not by its terms so rigid as to deprive the court of its power to pass upon a motion for a new trial if it be not brought on for hearing at the time specially designated for the purpose, and I hold that it must be construed in connection with the fifty-fifth rule, which reads as follows: "The court, or a judge thereof, may, in the interest of justice, and upon such terms as may be just, allow any act to be done after the time prescribed by these rules, or may enlarge the time allowed therefor." I therefore overrule said objection.

Upon the trial of the case, after the introduction of the evidence, counsel for the plaintiff, as part of his argument addressed to the court upon the law of the case, cited as an authority the opinion of the supreme court of Washington territory in the admiralty cause of Phelps v. The City of Panama, 1 Wash. T. 518, and read a portion of it. Counsel for the defendant objected to the reading of said decision in the hearing of the jury, and asserted that the

purpose of the attorney for the plaintiff in reading it was to produce an effect upon the minds of the jurors, rather than to enlighten the court. The objection was overruled, and an exception was taken and allowed. The ruling of the court upon said objection constitutes the alleged error assigned as one of the grounds for the present motion.

I do not commend the reading of decisions upon the trial of a negligence case, but in this instance the court merely permitted the attorney in his argument to pursue the usual course. All that was read and said was pertinent to the questions at issue, and it would have been tyrannical for the court to have assumed to control counsel · in the use of either original or borrowed expressions or phrases, or in the selection of authorities, to establish the propositions of law which he relied upon. I find no reason for admitting that an error was committed in the failure of the court to mold the style of the arguments.

The deceased, with several of her relatives, in the month of February, 1891, emigrated from Arkansas, via St. Paul, to this state. The party paid second-class fare, and traveled over the defendant's road in a car to which they were assigned at the St. Paul depot by a person who assumed authority to direct them. The weather was extremely cold while they were passing through North Dakota and Montana. The deceased suffered from cold, and became ill. Her case developed into pneumonia, from the effects of which she never recovered. These facts are not disputed. There is a conflict in the evidence as to whether or not the defendant was guilty of negligence in failing to provide the car with suitable means for making it comfortable, and to avoid exposure of the passengers therein to discomfort from cold, as to whether or not the trainmen neglected to keep up the fires in the car, and as to whether or not the deceased was guilty of contributory negligence in failing to provide herself with proper clothing for such a journey. No complaint was made to the conductor by the deceased, or any of her traveling companions, on account of coldness in the car, until after she had become ill, and no effort was made to secure medical aid for her until after her arrival at Seattle. From the evidence it may be fairly inferred that none of the party were experienced travelers; that whatever they lacked in the way of suitable equipments for the journey, and their failure to make timely complaint to the conductor, is attributable to their inexperience and timidity. To prove that the negligence complained of was the approximate and active cause of pneumonia in this case, or that the deceased would not have fallen a victim to it notwithstanding the most ample provisions for her comfort which the defendant could have made, is in my opinion an impossibility. Nevertheless, the case as it was submitted by the parties involved questions of fact as to whether or not the defendant was negligent, as charged in the complaint, whether or not the deceased sustained any personal injury in consequence of such negligence, and whether or not there was contributory negligence on her part. These several questions were by the instructions which the court gave fairly submitted to the jury,

and were by the verdict decided adversely to the defendant. Upon a review of the case, I do not find the verdict to be unsupported by sufficient legal evidence, or contrary to the instructions given by the court.

In the argument upon this motion the main reliance of the defendant seems to be upon the proposition that the failure of the deceased to promptly notify the conductor of the discomfort which she suffered was negligence on her part sufficient in law to preclude her from recovering damages for any injury resulting from such discomfort. It is my opinion, however, that, in view of the circumstances which the evidence tended to prove, it was for the jury to decide whether the failure of the deceased to complain was or was not negligence on her part. The question was submitted to the jury in the charge given, and afterwards more specifically in response to the following inquiry made by the jury:

"Are we, the jury, to understand by the instructions of the court that the failure of the plaintiff to call the attention of the railroad employes to the cold condition of the car before taking sick as being contributory negligence to the extent of precluding her from recovering damages in this case?"

The response expresses the opinion which I now entertain, and was in words as follows:

"I mean to tell you this, gentlemen: that if in any instance it was negligence for the plaintiff to keep still, and make no complaint, when she had an opportunity to make complaint, her failure to complain, if she did have an opportunity to do so, would be contributory negligence, which would preclude her from recovering damages. Now it is for you to say, under all the circumstances of the case, whether, situated as she was, with the opportunities which she had, if any, to give information, if she kept still, and failed to make complaint when she could have made complaint, or ought to have made complaint, taking into account all the circumstances of the case, it was negligence or not; because there may be circumstances under which a passenger would be guilty of no negligence whatever in not complaining to the conductor or the employes of the road, and, under other circumstances, a failure to complain would be negligence; for instance, if the officers or agents of the road were there and did not need to be informed, if they knew, without being told, that they were neglecting the car, and showed a disposition to disregard the comfort of the passengers, so that a passenger would deem it unnecessary to give the information, for the mere purpose of giving information, it would not be regarded, under those circumstances, as being negligence not to complain. If the car was left in charge of the brakeman, who was not attending to his duty, and the conductor was ignorant of that fact, and the passengers had an opportunity to tell this conductor, and call his attention to it, and ask for relief, but suffered him to remain in ignorance, and made no complaint, then it would be such negligence as would preclude the passenger from any right to complain. Now I think you will understand that I am leaving the matter in your hands, to decide on the evidence what the facts are, and whether, under these conditions, it was or was not negligence on the part of the plaintiff to not make complaint."

Motion denied.