MAGARAHAN v. WRIGHT & LAMKIN.

| 83 | 773 |
| 93 | 695 |
| 83 | 773 |
| 96 | 505 |
| 83 | 773 |
| 114 | 499 |
| 83 | 773 |
| e125 | 190 |

1. The sum sued for in a magistrate's court being $50, as wages for a certain time, if the action was well-founded, that sum bore interest from the time it was due up to the date of the judgment, and the amount of principal and interest claimed at the time of the judgment being therefore more than $50, an appeal to the superior court could properly be taken.

2. Where one is hired to serve another without any agreement as to the duration of service, there is no inflexible rule of law as to the length of time the hiring is to continue, but this question will be governed by the circumstances of each particular case. Where wages are payable at a stipulated period, such circumstance standing alone indicates that the hiring is for such period; but if there be anything in the contract showing that the hiring was intended to be for a long term, the mere reservation of wages for a lesser term will not control the hiring.

(a) The verdict, being right, will not be disturbed, though there was error in the charge of the court.

November 25, 1889.

Practice. Appeal. Contracts. Master and servant. Before Judge RONEY. Richmond superior court. April term, 1889.

So much of the report as does not appear in the opinion is as follows:

The plaintiff testified: In August, 1888, I learned Mr. Wright was going into the grocery business and wanted a clerk; went to see him about getting the place. He said he would start me on $50 a month. He employed me as a clerk in the store; there was nothing said about time. A little while after this, he told me he was going to take in Mr. Lamkin as a partner, but that would make no difference with us; he had mentioned our arrangement to Mr. Lamkin and it was satisfactory to him. I first worked for Mr. Wright. When he took Mr. Lamkin in, the firm was Wright & Lamkin; and I then clerked for the firm. They discharged me on November 15, 1888; said they could

not pay so much for a clerk, they could get it cheaper; they had employed two young men who could influence more trade than I could.   I replied that that was not our arrangement.   I have been out of a place ever since; tried to get one, but at that time of the year all were filled.   Had one little job after I was discharged, for ten days during Christmas time in 1888, and got from $16 to $18 for it.   Before clerking for Wright, I had run a general grocery business, but had never worked in a fancy grocery store until I worked for Wright.   He did not say to me when he employed me that it was only for one month.   I suppose they paid me from September 15th, but I went to work for Mr. Wright right away.   They notified me on November 6th that they would not want me after the 15th; have been paid in full up to the time I was discharged.   I told Wright that Lamkin had notified me I was not needed after the 15th, and said to him that he knew that was not our agreement.   He said I could remain until December 1st and look around.

Wright testified as follows :   Employed plaintiff by the month at $50 per month; his pay began September 15th; defendants' partnership was formed October 1st. He did not say to me on November 15th that it was not our understanding; he said Lamkin had notified him that he must leave on November 15th, and asked if this was so.   I said yes.   He said he was very sorry, that he could not get a place then.   I said he could keep on until December 1st.   Never heard of his claim of being employed more than by the month until notified by his attorney a few days before he sued.   When he came to see me about employing him I told him that we didn't know each other, I didn't know him and he didn't know me; I would start him at $50 a month, and if we suited each other, would make other arrangements.   I discharged him because he was not compe-

tent; he did not understand fancy groceries. When I hired him, I did not say that. I hired him by the month at $50 a month.

The court refused to charge, as requested, that if defendants employed plaintiff and no specific term was agreed on, and they discharged plaintiff without just cause within a year from the making of the contract, the jury would find in favor of plaintiff; and gave the following charges requested by defendants:

"The plaintiff sues the defendants for his salary from November 15th to December 15th, 1888, claiming that he was employed for the year, and was discharged without just cause before the end of the year. The burden of proof is upon him to make out his case, and before he can recover he must show that he was employed by the year. If you believe from the evidence that he was employed at so much per month without any statement as to time, then that is what would be termed in law an indefinite hiring, and would not extend beyond the month. There is no presumption of law in Georgia that a clerk employed for an indefinite time is employed for the year. If the clerk claims that it was an employment by the year, then the burden is upon him to establish the contract by proof."

The court then charged: "In the opinion of the court the question is, what was the contract between the parties; was it by the month or by the year? If by the year, plaintiff would be entitled to recover; if by the month, he would not be entitled to recover."

SALEM DUTCHER, by brief, for plaintiff.

J. S. & W. T. DAVIDSON, for defendants.

SIMMONS, Justice.

It seems from the record in this case that the plaintiff in error was employed as a clerk by the defendants in error. On November 15th, 1888, he

was discharged. Subsequently he brought a suit against the defendants in a justice's court on the following account: "To wages as clerk from November, 15th, 1888, to December 15th, 1888, $50.00." On the trial in the justice's court, a judgment was rendered in his favor against the defendants for the sum of fifty dollars, the principal debt, and interest from November 15th, 1888, and costs of court. The judgment was rendered January 25th, 1889. Defendants took the case by appeal to the superior court. When the case came on for hearing in the superior court, plaintiff moved to dismiss the appeal on the ground that the amount claimed in said suit did not exceed fifty dollars. The motion was overruled, and plaintiff excepted. On the trial of the case in the superior court, under the charge of the judge, the jury found a verdict for the defendants. The plaintiff excepted to the decision refusing to dismiss the appeal, and excepted also to the refusal of the court to charge a certain request asked by the plaintiff, and excepted further to certain charges given the court, which were requested by the defendants, all of which will be seen in the official report.

1. There was no error committed by the court in refusing to dismiss the appeal on the motion of the plaintiff in the court below. The sum sued for was fifty dollars, for wages as clerk from the 15th of November to the 15th of December, 1888. If the action was well-founded, the account bore interest from the time it was due up to the date of judgment. Code, §4157, declares that if the amount claimed in said suit is over fifty dollars, either party may, as a matter of right, enter an appeal from said judgment. The amount sued for in this case being fifty dollars, and it bearing interest from the time it was due, the amount of principal and interest claimed at the time of the judgment would therefore be more than fifty dollars, and according to the

above section of the code the plaintiff would be entitled, as a matter of right, to enter an appeal. See upon this point *Ansley* v. *Jordan*, 61 *Ga*. 482; and *Dykes* v. *Woolsey*, 62 *Ga*. 608, where this court says: "Where the sum claimed, including principal and interest, exceeds fifty dollars, there may be an appeal from the justice court to the superior court." See also *Bell* v. *Morton*, 68 *Ga*. 831.

2. We do not think that either the request to charge made by the plaintiff and refused by the court, or the request to charge made by the defendants and given by the court, was a correct exposition of the law upon this subject. The request of the plaintiff was, in substance, that when there was a hiring, and no particular length of time specified, the inflexible rule was that the hiring was for a year. The request of the defendants as given by the court was, that if the plaintiff was employed at so much per month, without any statement as to time, then this would be termed in law an indefinite hiring, and would not extend beyond a month. We think that the true rule is that laid down by the Supreme Court of Kentucky in the case of Smith *v.* Theobald, 5 S. W. Rep. 394. That rule is as follows: "Where a person is hired to serve another without any agreement as to the duration of service, there is no inflexible rule of law as to the length of time the hiring is to continue. The question as to the length of time the hiring is to continue will be governed by the circumstances of each particular case. If one is hired to work in a crop being raised, the presumption is, in the absence of circumstances showing a contrary intention, that his term of service is to continue during the crop season. If one is hired to do general service on a farm, the presumption is, in the absence of an agreement to the contrary, or circumstances showing a contrary intention, that the term of service is to continue for a

year. The same rule applies to the hiring of persons to do service in any business that requires constant labor. As this rule is not inflexible, and may be controlled by circumstances, the circumstance of agreeing on weekly, monthly, quarterly or half-yearly payment of wages may be sufficient of itself to create the presumption of a hiring for the corresponding periods. But the circumstances of the hiring, though no time is expressly agreed upon, may show that it was to continue for a year, although the payment of wages was to occur monthly," etc. Story in his work on Contracts, 2d vol. §1291, lays the rule down as follows : "Where wages are payable at a stipulated period, as per week or month, or half-year, such circumstance, standing alone, indicates that the hiring is for such period. But if there be anything in the contract showing that the hiring was intended to be for a longer term, as for a year, the mere reservation of wages for a lesser term, as per week or month, will not control the hiring. Thus, where a farm servant was hired for a year at three shillings a week, with liberty to go at a fortnight's notice, it was held to be a hiring for a year, the fortnight's notice plainly showing that it was not a weekly hiring. So, also, where the plaintiff was engaged as editor of a review at three guineas a week, with a progressive increase of salary according to the sale of the review, and a custom was made out by which the engagements of editors to newspapers were considered as annual engagements unless otherwise expressed, the question was left to the jury, and they having found a verdict that the engagement was not for a year's service, but only for a weekly service, the court refused to disturb the verdict, on the ground that the general rule that contracts of hiring were for a year when no definite arrangement of time was made, only created a presumption which could be rebutted by the circumstances of the case." See also Schouler's Domestic Relations,

4th edition, §458; Smith's law of Master and Servant, Text-Book Series, side-page 78; 1 Taylor on Evidence, Text-Book Series, §177. The testimony showing in this case that the hiring was for fifty dollars per month, nothing being said by either party that the hiring was intended to be for a longer term, such a circumstance standing alone would indicate that it was for the period of a month. If the plaintiff had shown any other circumstance, such as the custom in Augusta in hiring clerks, or anything else tending to show that it was the intention of the parties at the time the contract was made that the employment was for a longer term than a month, it ought to have been submitted to the jury to say what the intention of the parties was; but as he showed no other circumstances except the hiring and payment per month, this of itself, as we have seen, indicates that it was for that period; and although the judge erred in the charges given, the verdict was right, and we will not disturb it. *Judgment affirmed.*