BALDWIN *v.* THE WESTERN UNION TELEGRAPH COMPANY.

1. Where one having an offer of employment at a specific compensation per month, properly delivered to a telegraph company for transmission a message accepting the offer, and the company failed to transmit and deliver the message, in consequence of which the offer expired by reason of non-acceptance within the time limited in its terms, and thus the opportunity of employment was lost, the sender of the message may recover of the company for its breach of duty such damages as he actually sustained by reason of the failure to transmit and deliver his message of acceptance. *Prima facie* such offer of employment would cover the term of at least one month; and if he remained unemployed for that length of time and could not obtain employment elsewhere, he would be entitled to recover at least one month's wages.

2. The penalty provided by statute for failure to transmit and deliver messages promptly is a separate and distinct cause of action from the damages recoverable under the general law for like default; and while the statute allows both causes to be joined in the same action, there is no authority, where one is omitted, for introducing it by way of amendment to the declaration pending the action.

April 9, 1894. Argued at the last term.

Action for damages. Before Judge BUTT. Talbot superior court. March term, 1893.

J. J. BULL, by brief, for plaintiff.

GUSTIN, GUERRY & HALL, for defendant.

SIMMONS, Justice.

The plaintiff sued the telegraph company for $2,000 damages on account of the neglect and refusal of its agent to transmit a message from the plaintiff, accepting a situation which had been offered him, in consequence of which he failed to obtain the situation; and for $50 on account of expenses and time lost in going to obtain it. The declaration alleges that on the 3d of July, 1892, the plaintiff received a message from W. E. Martin, a conductor in the employ of the Central Railroad and Banking Company, that if he would come to Macon at once, Martin would give him a position on his train as flagman at a salary of $45 per month, and for plaintiff to notify Martin of his acceptance of of the offer or come to Macon immediately. Plaintiff was out of employment and was needing and seeking a position on the railroad, as he had some experience as a flagman on a railroad train; and on Monday, July 4th, 1892, he wrote a telegraphic message directed to W. E. Martin, at Macon, Georgia, notifying him of his acceptance, and that he would come to Macon by the first train, which message, on the same day, about half past nine o'clock A. M., was delivered to J. A. Potice, an authorized agent of the defendant at its office at Bostick, Georgia, a station on the Southwestern division of the Central railroad, with instruction to transmit the same by the wires of the defendant to W. E. Martin immediately, Martin being at Macon, Georgia. The message was received by Potice while in the office of defendant and during the hours the office was open for receiving and transmitting messages over its line. Potice willfully neglected and refused to transmit the message to Martin, who failing to receive it and expecting to hear from plaintiff, after holding the place open

for him until late Monday evening, July 4th, 1892, gave the place offered plaintiff to another person. There was only one passenger-train a day from Columbus to Macon on the Central railroad, there being no other nearer and convenient way for him to reach Macon, and said train arrived at Bostick about 6 o'clock P. M. He went to Bostick the same day, arriving there about 5 o'clock P. M., to take the train, and inquired of Potice if he had sent the message to Martin, when he was informed by Potice that he had not, as he "did not think Martin was in Macon." Said agent failed and refused to notify plaintiff that he would not send the message after receiving it, and yet he had ample opportunity to do so or to return the message to plaintiff. Nevertheless plaintiff took the train to Macon, and immediately on his arrival saw Martin, who informed him that in consequence of not receiving a message accepting the position during the day, he had given the position to another person, but that if he had received plaintiff's message he would have held the place for plaintiff until he arrived in Macon. The salary of flagman is worth $45 per month, and plaintiff would have received that salary and could have kept his position as long as he discharged his duties faithfully; and plaintiff lost the position offered him, by the wrongful and fraudulent acts of the defendant's agent in not transmitting the message, or in not notifying him at the time it was delivered that he would not transmit it. Plaintiff is still out of employment and unable to secure a position, although he has tried repeatedly. The declaration was filed August 16, 1892.

The defendant demurred to so much of the declaration as sought to recover damages from failure to obtain the situation; the demurrer was sustained, and to this ruling the plaintiff excepted.

1. We think the court erred in sustaining the demurrer. That the plaintiff lost the situation through

the defendant's breach of duty in failing to transmit his message accepting the offer, and that he thereby sustained actual damage which could be definitely measured and assessed, we think is clear enough from the allegations in the declaration.  It appears that the message was delivered to the agent of the telegraph company at an early hour the next morning after the receipt of the offer, and that the party tendering the situation treated the offer as open until late that evening.  Had the message been transmitted and delivered before the offer expired, a binding contract of employment would have existed.  The offer was definite as to the situation and the salary, and covered a definite period of employment.  An offer of employment at so much per month will, in the absence of anything further indicating the period of employment intended, be treated as meaning employment for a term of one month.  (See *Magarahan* v. *Wright*, 83 *Ga.* 773, 777, and authorities cited.)  As it is alleged that the plaintiff was unemployed at the time he received the offer and remained so up to the time the suit was filed, more than a month afterwards, and was unable during that period to obtain other employment, it appears that he was damaged to the extent at least of one month's salary.  As to the measure of damages in such cases, see Thompson on Electricity (ed. 1891), §326, and cases cited.

2. The court did not err in holding that the plaintiff could not amend the declaration so as to claim the statutory penalty for the failure to transmit the message.  The penalty provided by the statute is a separate and distinct cause of action from the damages recoverable under the general law for like default; and while the statute allows both causes to be joined in the same action, there is no authority, where one is omitted, for introducing it by way of amendment to the declaration pending the action.  No amendment adding a new and

distinct cause of action is allowable, unless expressly provided for by law. (Code, §3480.) *Judgment reversed.*