1338.   FREEMAN, administrator, *v.* MATTHEWS

1. "Where proceedings are brought to enforce rights arising under a contract required to be in writing, failure to allege in the pleadings that such contract was in writing can not be taken advantage of by demurrer. The silence raises no presumption that the contract exists only in parol."

2. The charge of the court is free from any material error; and the exception to the ruling of the trial judge, in permitting the question which was objected to, can not be considered, because only the question was objected to, and no statement is made as to the answer anticipated.

3. A verdict in favor of the plaintiff was authorized by the evidence; but as the finding includes two items, amounting to $100, which were not proved, the judgment refusing a new trial is affirmed on condition that this sum be written off.

Complaint, from city court of Blakely—Judge Jordan. July 27, 1908.

Submitted November 11, 1908,—Decided May 18, 1909.

*Pottle & Glessner,* for plaintiff in error.

*Park & Collins,* contra.

RUSSELL, J.  1.  The defendant in the court below excepted pendente lite, and, in the bill of exceptions, assigns error on the judgment overruling certain special demurrers to the plaintiff's petition.  The demurrers raise the point that the petition does not show that the contracts of sale complied with the statute of frauds. The petition alleged, that the petitioner and the administrator's deceased intestate each owned a third interest in a certain sawmill outfit, steers, and a lumber dray, and that the petitioner sold his third interest to the deceased for $300.  Another item of indebtedness alleged in the petition arises from the sale of a watch by the petitioner to the deceased for $50.  The plaintiff did not amend his petition in response to the special demurrers, and it is contended that, under the provisions of the Civil Code, §5048, and the decision in *Western Union Telegraph Company* v. *Griffith,* 111 *Ga.* 564 (36 S. E. 859), the judge should have dismissed the petition. There can be no doubt that, as a general proposition, the principle relied upon by counsel for the plaintiff in error is sound; but under the rulings in *Draper* v. *Macon Dry Goods Co.,* 103 *Ga.* 661 (30 S. E. 566, 68 Am. St. R. 136), *Taliaferro* v. *Smiley,* 112 *Ga.* 66 (37 S. E. 106), and *Anderson* v. *Hilton & Dodge Lumber Co.,* 121 *Ga.* 688 (49 S. E. 725), the failure to allege that a contract is in writing does not raise the inference that it is necessarily in parol.  The plea of the statute of frauds is a personal plea, and the failure to allege that the contract was in writing can not be taken advantage of by demurrer.  In other words, it is presumed, unless the contrary appears from the petition itself, that those contracts which by law are required to be in writing have been put in writing,—that the parties have obeyed the law rather than disobeyed it.  So, when a contract is alleged, it is presumed that the contract was in writing.  As in this case the plaintiff alleged a contract of sale which by terms of the statute of frauds should have been in writing, and, therefore, presumably was reduced to writing, and as, for that reason, the defendant should have pleaded, as an affirmative defense, that the contract rested only in parol, and was therefore violative of §2693 of the Civil Code, the judge did not err in overruling the special demurrers.

2.  It is unnecessary to discuss in detail the several exceptions taken to the charge of the court.  It is sufficient to say that while the language employed in one instance is somewhat involved, we

do not think that the jury was misled thereby, and the subject presented, as well as the language used, was more favorable to the defendant than to the plaintiff. The former, therefore, can have no cause of complaint. The exception to the question which the court permitted to be asked over the objection of the defendant's counsel presents nothing for our consideration, as the answer was not objected to, and no statement as to the answer anticipated was made to the judge in advance of his ruling.

3. The evidence was sufficient to authorize the finding in favor of the plaintiff as to the sawmill outfit and the item of $15 for which suit was brought. A verdict for the plaintiff, in the absence of any evidence in behalf of the defendant, was therefore demanded. There is, however, no evidence to support a finding for the purchase-price of the watch, for the value of which plaintiff sued, nor did the sole witness, Mr. Howell, state that he had any knowledge that Matthews advanced any of the $50 claimed to have been loaned by him to the deceased during his sickness. The proof as to both of these items rests purely upon supposition. We therefore direct, that, if the defendant in error will write off $100 from the verdict and judgment in his favor, the judgment refusing a new trial be affirmed; otherwise that the judgment be reversed.

*Judgment affirmed, on condition.*