## HUNTER v. THE STATE.

BECK, J. 1. The court charged the jury in part as follows: "It is your duty, if there be any conflict in the testimony of witnesses, to reconcile such conflict, if you can do so, without arbitrarily imputing perjury to any one. If you find that you can not reconcile such conflict, your obligation being to go in the direction which you consider to be the truth, then, if in reaching that it becomes necessary to impute perjury to any witness or witnesses, it is your duty to take that responsibility upon yourselves. Therefore, take this case in its entirety, consider the facts, apply to it the principles of law which have been given to you in

charge, and reach the truth to the best of your ability." *Held*, that this charge was not error on the grounds (*a*) "that it was "confusing and misleading, and wholly excluded from the consideration of the jury the doctrine of reasonable doubt, as to the imputation of perjury;" or. (*b*) that "it left to the jury the right to arbitrarily impute perjury to the witnesses, if the testimony was in conflict with what they considered to be the truth of the case."

2. The court did not err in charging the jury as follows: "The defendant has set up an alibi as a defense in this case. An alibi as defense involves the impossibility of the prisoner's presence at the scene of the offense at the time of its commission; and the range of evidence in respect to time and place must be such as reasonably to exclude the possibility of presence. The onus is on the accused to verify the alleged alibi, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury," where the court charged, in immediate connection with the foregoing, "Any evidence whatever of alibi is to be considered on the general case with the rest of the testimony; and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence." *Boston* v. *State*, 94 *Ga*. 490 (20 S. E. 98).

3. No error is made to appear in the ruling of the court admitting certain evidence offered by the State, the admission of which is complained of in one ground of the motion for a new trial.

4. In the absence of a timely written request, failure to charge upon the subject of impeachment of witnesses furnishes no ground for the grant of a new trial.

5. The ground of the motion complaining of a certain charge of the court because there was no evidence authorizing the charge referred to appears, upon inspection of the evidence, to be without merit.

6. The evidence, though circumstantial, authorized the verdict, and there was no abuse of discretion on the part of the trial court in refusing to grant a new trial upon the ground that the verdict was contrary to the evidence and without evidence to support it.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*

MARCH 15, 1911.

Indictment for murder. Before Judge Charlton. Chatham superior court. August 17, 1910.

*D. H. Clark*, for plaintiff in error. *H. A. Hall, attorney-general*, and *W. C. Hartridge, solicitor-general*, contra.