.17483.  SIMON v. SIMMONS.

STEPHENS, J.  1. In a suit against a landlord by one lawfully using the
rented premises,· to recover for alleged injuries to the plaintiff by the
giving way of the tread of the step upon which she had placed her foot
when using the steps to a house on the rented premises, which it was
alleged was, through the negligence of the defendant, in a condition
dangerous to persons using the steps, where the court charged the jury
that "if the plaintiff was injured, as alleged, and if it was due to the
alleged defect in the condition of the steps, and this was observable by
the plaintiff, then the plaintiff could not recover for any injury due to
this condition of the steps, if one in the exercise of ordinary care and
diligence would not have used them, with her knowledge or opportunity
of knowledge," the charge was not subject to the objection that the
court failed "to charge the jury that if the defendant, by the exercise
of ordinary care, could not have discovered any defect existing in the
said step, the plaintiff would not be entitled to recover."
2. Where in such a case the evidence for the plaintiff was clearly to the
effect that the tread of the step upon which she placed her foot was
constructed of thin and weak strips of wood not suitable for the con-
struction of a tread safe for use, and such condition was therefore pat-
ent to any one who might inspect the steps for defects, and the evidence
for the defendant was to the effect that there was no defective con-
dition whatsoever in the steps, an issue as to the defect being a latent
one, and not discoverable by the defendant having a duty to inspect the
steps in the exercise of due care, was not presented, and failure to give
to the jury a charge adjusted to that issue was not error.
3. A charge to the effect that if both parties were negligent, the amount of
the damages recoverable by the plaintiff would "be diminished in pro-
portion to the amount of default that might be attributable to the
plaintiff," was an instruction that if the negligence of both the plaintiff
and the defendant was equal, there could be no recovery.  Besides, if
counsel for the defendant had desired that the court be more specific
and expressly charge that if the negligence of the plaintiff were equal
to that of the defendant there could be no recovery, the court should
have been requested so to charge.  In the absence of such a request, the
omission of such an instruction was not error.  See, in this connection,
Central of Ga. Ry. Co. v. Gill, 136 Ga. 240 (2) (71 S. E. 166); Georgia
Southern &c. Ry. Co. v. Thornton, 144 Ga. 481 (5 b) (87 S. E. 388).
4. As the pleadings and the evidence presented no issue as to whether the
injuries were caused by accident, and there was no request to charge
the law relative thereto, a failure so to charge was not error.  Savan-
nah Electric Co. v. Jackson, 132 Ga. 559 (4), 563 (64 S. E. 680);
Atlanta Ry. & Power Co. v. Gaston, 118 Ga. 418 (45 S. E. 508).
5. Whether a contract between a landlord and his tenant, by which the
tenant relieves the landlord from any duty to make repairs upon the
rented premises, would preclude a recovery against the landlord for

Landlord and Tenant, 36 C. J. p. 253, n. 47; p. 254, n. 63.
Negligence, 29 Cyc. p. 657, n. 54.
Trial, 38 Cyc. p. 1520, n. 76; p. 1521, n. 89; p. 1612, n. 13, 14; p. 1618,
n. 35; p. 1693, n. 55.

injury, by reason of a defective condition in the premises, to one other than the tenant living on the premises, such a contract is not conclusively established by the evidence, although its existence may be established by undisputed testimony, where the sole witness who testified to the existence of such a contract is contradicted in other material portions of his testimony by conflicting evidence, and his entire testimony, by reason of impeachment, may be rejected by the jury.

6. The evidence authorized the inference that, although the damaged condition of the tread of the step which caused the plaintiff's injury was patent and could have been discovered in the exercise of due care by a person whose duty it was to inspect the steps, the plaintiff could not by due care have discovered the dangerous condition of the tread of the step, and the evidence further authorized the inference that the plaintiff, by the exercise of due care, could not have avoided the injury which she sustained, and that her injuries were due to the defendant's negligence in failing to discover the dangerous condition of the tread of the step after notice to him of the defective condition of the flight of steps containing the tread, and in not repairing the tread.

7. The evidence authorized the verdict for the plaintiff, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1927.

Damages; from city court of Savannah—Judge Freeman. May 17, 1926.

*Oliver & Oliver,* for plaintiff in error.

*McIntire, Walsh & Bernstein,* contra.