*Bennet & Branch, Copeland & Dukes,* for plaintiff in error.
*Little & Dickerson,* contra.

---

## 17768.   HORINE *et al. v.* COX.

STEPHENS, J.   1. In a suit by a landowner against adjoining landowners for damage alleged to have been caused to the plaintiff's property both in a diminution of its market value and in a diminution of its rental value by reason of the defendants' elevating their own lot and turning back upon the plaintiff's lot the water which would naturally drain therefrom upon the defendants' lot, and also in committing certain

Adjoining Landowners, 1 C. J. p. 1205, n. 24.
Evidence, 22 C. J. p. 179, n. 42, 45; p. 181, n. 70; p. 214, n. 42.
Trial, 38 Cyc. p. 1350, n. 3; p. 1784, n. 86; p. 1786, n. 97.

trespasses upon the plaintiff's lot, a charge by the court that if the wrongful acts of the defendants caused an increase in the market value of the plaintiff's lot, the defendants would nevertheless be liable for the actual damages resulting from the injuries to the property, could. not have been construed by the jury as an instruction to disregard all evidence that showed an increase in the market value of the property, where the court in the same connection instructed the jury that there could be no recovery for the loss in the market value if the market value of the property had in fact increased as a result of the defendants' acts, but that "the amount of the increase could not be set off against such actual damages to the rental value or use so as to prevent a recovery on that element."

2. Where the plaintiff claimed damages for a diminution in the rental value of the property, evidence as to the amount received by the plaintiff as rent for one half of the house upon her property, prior to the commission of the defendants' alleged wrongful acts, was relevant as tending to establish the rental value.

3. Where a witness for the defendants had testified that the acts of the defendants which were complained of had increased the market value of the plaintiff's property, the exclusion by the court of further testimony from the same witness to the effect that the entire neighborhood had been rendered more desirable by the acts of the defendants complained of, even if error, was not harmful to the defendants. Had this evidence been admitted, it could have added nothing to the testimony of the witness.

4. The testimony of a witness that his opinion as to a certain fact testified to, namely, the size of a sewer drain-pipe, was based upon what the witness had seen and upon what the witness had heard, was properly ruled out as being hearsay.

5. Proffered testimony for the defendants that since the trial of the case had begun the physical condition of the property over which the controversy had arisen had been changed in such a manner as to prejudice their rights was properly rejected, as it does not appear that the changed condition of the property had been brought to the attention of the jury.

6. Testimony of a witness, that he did not know the market value of the property, but would give a certain sum for it if he were going to buy it, was not relevant for the purpose of showing market value, and was properly excluded.

7. The evidence authorized a finding that the plaintiff's property was damaged in the amount of the verdict found for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 21, 1927.

Damages; from Fulton superior court—Judge Pomeroy. September 27, 1926.

*Paul S. Etheridge, J. A. Noyes,* for plaintiff in error.

*G. N. Bynum,* contra.