442

DECIDED FEBRUARY 8, 1939.

*J. L. Smith,* for plaintiff. ·

*R. O. Jones, W. Y. Atkinson,* for defendant.

FELTON, J.   N. L. North sued H. H. North upon a promissory note executed by the latter and payable to the former.   Defendant answered that he paid $135 to C. A. Payne at the request of plaintiff with which he agreed to credit the note, but did not, and that the balance on the note had been discharged by reason of the following facts: that in 1923 defendant was appointed guardian of J. R. McCollum, and as such guardian he held a promissory note signed by N. L. North, dated February 12, 1910, due twelve months after date, payable to J. R. McCollum, for the principal sum of $1080, with interest after maturity at eight per cent., with credits thereon of $380, and that in 1923 plaintiff and defendant agreed that defendant should *assume and settle* with the estate of J. R. McCollum the amount due on plaintiff's note in consideration of which plaintiff was to cancel all indebtedness of defendant to plaintiff on the note sued upon; that the settlement was carried out by his assumption of plaintiff's indebtedness to the estate.   Plaintiff demurred to the answer (1) because it failed to allege that defendant paid the note to J. R. McCollum or his estate, (2) because it failed to allege that the settlement agreement was in writing, and (3) because the defendant was without legal authority to make a contract with himself, as guardian.   These demurrers were overruled, to which order exceptions pendente lite were filed.   The case was tried and resulted in a verdict for the defendant.   The exceptions here are to the overruling of the motion for new trial and the overruling of the demurrers to the answer.

1.   In view of the wording of the answer it must be construed as alleging that the assumption and payment of plaintiff's debt would be in satisfaction of defendant's obligation to plaintiff.   The first ground of the demurrer was therefore good and should have been sustained because the answer did not allege the payment of the debt.   However, since this fact was not alleged and evidence was

introduced to establish it without objection, the defect in the answer was cured by the verdict, and if there was an error it is not one justifying the grant of a new trial. *Franklin Savings & Loan Co.* v. *Branan,* 54 *Ga. App.* 363 (2) (188 S. E. 67).

2. The second ground of the demurrer is without merit because the answer does not show that the agreement to assume another's debt was not in writing. *Beasley* v. *Howard,* 34 *Ga. App.* 102 (128 S. E. 203) ; *Bank of Bowdon* v. *Lovvorn Grocery Co.,* 34 *Ga. App.* 772 (131 S. E. 301) ; *Cook* v. *Powell,* 160 *Ga.* 831 (2) (129 S. E. 546) ; *Kiser Co.* v. *Padrick,* 30 *Ga. App.* 642 (118 S. E. 791) ; *Draper Co.* v. *Macon Dry Goods Co.,* 103 *Ga.* 661 (30 S. E. 566, 68 Am. St. R. 136) ; *Bluthenthal* v. *Moore,* 106 *Ga.* 424 (32 S. E. 344) ; *Taliaferro* v. *Smiley,* 112 *Ga.* 62 (37 S. E. 106) ; *Anderson* v. *Hilton & Dodge Lumber Co.,* 121 *Ga.* 688 (49 S. E. 725) ; *Delaware Insurance Co.* v. *Pennsylvania Fire Insurance Co.,* 126 *Ga.* 380 (55 S. E. 330, 7 Ann. Cas. 1134) ; *Georgia Engineering & Construction Co.* v. *Horton,* 135 *Ga.* 58 (68 S. E. 794) ; *Freeman* v. *Matthews,* 6 *Ga. App.* 164 (64 S. E. 716) ; *Ansley* v. *Hightower,* 120 *Ga.* 719 (48 S. E. 197) ; *Allen* v. *Powell,* 125 *Ga.* 438 (54 S. E. 137) ; *Crovatt* v. *Baker,* 130 *Ga.* 507 (61 S. E. 127) ; *Georgia, Florida & Alabama Ry. Co.* v. *Parsons,* 12 *Ga. App.* 180 (76 S. E. 1063) ; *Marks* v. *Talmadge's Sons & Co.;* 8 *Ga. App.* 557 (69 S. E. 1131) ; *Port Wentworth Lumber Co.* v. *McLean,* 22 *Ga. App.* 737 (97 S. E. 194) ; *Montgomery* v. *Alexander Lumber Co.,* 140 *Ga.* 51 (78 S. E. 413) ; *Boney* v. *Cheshire,* 147 *Ga.* 30 (92 S. E. 636) ; *Kinney* v. *Kinney,* 20 *Ga. App.* 816 (93 S. E. 496) ; *Williamson* v. *Calhoun,* 49 *Ga. App.* 631 (176 S. E. 653) ; *Robinson* v. *Odom,* 35 *Ga. App.* 262 (133 S. E. 53) ; *Harris* v. *Vallee,* 29 *Ga. App.* 769 (116 S. E. 642) ; *Arrington* v. *Horton,* 48 *Ga. App.* 272 (172 S. E. 677).

3. The third ground of demurrer is without merit, because if defendant paid the estate the note owed to it by the plaintiff, if the plaintiff could have taken advantage of the agreement before it was executed, his mouth is closed to now complain after its execution. Our view is that such executed agreement is not subject to attack by any one, least of all by the plaintiff. The answer was in effect amended by the introduction of evidence of the execution of the agreement without objection.

4. The evidence was conflicting and a verdict for either party

444

would have been authorized. The verdict rendered has the approval of the trial judge and will not be disturbed.

5. The above rulings substantially answer the assignments of error on the admission of evidence and the charge of the court.

There was no error in overruling the demurrers to the answer or in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*