## 30405. CANTRELL *v.* BYARS.

DECIDED MAY 5, 1944. REHEARING DENIED JUNE 9, 1944.

*James Maddox,* for plaintiff.

*Wright, Willingham & Fullbright,* for defendant.

BROYLES, C. J. This is a suit by John Cantrell against G. C. Byars on certain promissory notes. The demurrers, general and special, to the answer were overruled, and that judgment is assigned as error. The case proceeded to a verdict and judgment for the defendant. The plaintiff's motion for a new trial, embracing the general grounds and 20 special grounds, was denied, and that judgment is excepted to. This case was formerly before this court (66 *Ga. App.* 672, 19 S. E. 2d, 44). On that trial a verdict for the defendant was directed, and we reversed the judgment denying a new trial, holding that the direction of the verdict was error.

■ The answer as finally amended was not subject to any ground of the demurrers interposed, and the court did not err in so holding.

■ Special ground 1 complains of the admission in evidence of the testimony given by John Cantrell, the plaintiff, on the former trial of this case, the testimony being read to the court and jury. The testimony was objected to on the ground that it was inadmissible because Cantrell was present in court, and could be placed on the witness stand. "The testimony of a witness, since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between sub-

stantially the same parties, may be proved by anyone who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." Code, § 38-314. The ground alleges that Cantrell was present in the courtroom when his former testimony was admitted in evidence. It is obvious that the evidence was inadmissible. *Williams* v. *Wolff*, 3 *Ga. App.* 737 (60 S. E. 357) ; *French* v. *State*, 43 *Ga. App.* 97 (3) (157 S. E. 902) ; *Estill* v. *Citizens & Southern Bank*, 153 *Ga.* 618 (6 *a*) (113 S. E. 552).

Special ground 2 complains of the admission in evidence of a certain letter written by Byars to Cantrell. The evidence was objected to on the ground that it was a self-serving declaration. We think that the objection was good, and that the admission of the letter was error.

Special grounds 3 to 10, inclusive, except to the court's refusal to give certain requests to charge. In our opinion the requested charges were sufficiently covered by the charge given.

The evidence complained of in special grounds 11 and 12, respectively, was immaterial and irrelevant to the issues of the case, and its admission was error.

The various complained-of excerpts from the charge of the court, when considered in the light of the charge as a whole and the facts of the case, show no reversible error. The exception to the charge as a whole, on the ground that it "unduly stressed the contentions and defenses set forth in the answer to the exclusion of the contentions of the movant," is without merit.

As another hearing of the case is required because of the errors pointed out, the general grounds of the motion for new trial are not considered.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*