33855.   DAVIS TRUCK LINES INCORPORATED *v.*
CENTRAL TRUCK LINES INCORPORATED.

Decided February 28, 1952.

434

*Jesse W. Bush,* for plaintiff.

*J. H. Napier,* for defendant.

FELTON, J. We will consider only grounds (a) and (b) of the special demurrer which was renewed to the amended petition. Ground (a) complained that the terms of the alleged lease agreement between the plaintiff and the defendant concerning the trailer were not set forth in the amended petition. While the plaintiff denominated its action as one in tort and not one on the oral agreement, it nevertheless based its right to bring the tort action upon the oral lease agreement, in that it relied on such agreement to show a bailor-bailee relationship between it and the defendant. Therefore, the lease agreement being an integral part of the alleged cause of action, the defendant was entitled to be informed as to the terms and conditions of such lease agreement, especially since the alleged agreement was oral. *Southern Express Co.* v. *Cowan,* 12 *Ga. App.* 318 (77 S. E. 208). Ground (b) of the renewed special demurrer complained that the amended petition did not allege by whom the alleged lease was executed on behalf of the plaintiff and the defendant. The amendment to the petition alleged that the lease agreement was entered into on behalf of the defendant by O. P. Grantham, acting as the defendant's agent and within his scope of authority, but it did not allege what agent acted on behalf of the plaintiff. The defendant was entitled to this information if its absence was pointed out by special demurrer. *Cherokee Mills* v. *Gate City Cotton Mills,* 122 *Ga.* 268, 272 (2) (50 S. E. 82).

Since the defendant was allowed to amend to meet the objec-

tions raised by the special demurrer, and since the amendment did not meet the objections raised thereby, the court did not err in sustaining grounds (a) and (b) thereof, and in dismissing the action.

*Judgment affirmed.   Sutton, C. J., and Worrill, J., concur.*