34762. WADE *v.* HOPPER.

88

Decided October 30, 1953.

*Miller, Miller & Miller,* for plaintiff in error.

*Nunn & Aultman, Martin, Snow & Grant,* contra.

GARDNER, P. J. ■ The special plea to the jurisdiction and in bar is based on the following contention: Regarding the non-resident statute of this State, Code (Ann. Supp.) § 68-803 (Ga. L. 1947, p. 305). The act of 1947, supra, was amendatory of the act of 1937 (Ga. L. 1937, pp. 732, 734). The act of 1947 was attacked by the defendant, under his pleas to the jurisdiction and in bar, as being unconstitutional under the Constitution of Georgia and under the Constitution of the United States. When the case was brought to this court it was, because of the constitutional questions raised under the plea to the jurisdiction and in bar, transferred to the Supreme Court, under the interpretation of this court that the Supreme Court and not the Court of Appeals had exclusive jurisdiction to decide such a constitutional question. The Supreme Court, in a divided opinion rendered a decision on June 8, 1953 (*Wade v. Hopper,* 209 *Ga.* 802, 76 S. E. 2d 403). In the majority opinion the court said: "Therefore, without regard to the 1947 act, supra, the suit was properly brought in Houston County, a county in this State, even though it is also the county in which the accident occurred. It follows, the constitutionality of the act of 1947, supra, is not drawn into question since even under the prior law, the Superior Court of Houston County has jurisdiction of this cause." The Supreme Court transferred this case back to the Court of Appeals. Therefore, insofar as the plea to the jurisdiction and in bar is concerned, Houston County has jurisdiction in the instant case. This issue is thus eliminated from the consideration of the Court of Appeals.

■ The petition as amended by the plaintiff is sufficient as against the general demurrer. This assignment of error is not meritorious.

■ The only special demurrer argued here is that the plaintiff alleged damages for loss of earnings for three months in the amount of $1,500; and this allegation was specially demurred to on the ground that the plaintiff did not allege whether or not the contract of employment was oral or written. The defendant cites in support of his contention *Davis Truck Lines* v. *Central Truck Lines,* 85 *Ga. App.* 433 (69 S. E. 2d 651). That

decision is not applicable to the instant case. That decision holds only to the effect that the terms and conditions of the contract should be set out. It says nothing about whether it be oral or in writing. That is not the correct rule, as has been stated by many decisions of this court and of the Supreme Court. The true rule is that, even where a contract is directly attacked by a special demurrer, the defendant cannot require a plaintiff to allege whether or not the contract sued on is in writing or parol. The Supreme Court in *Draper* v. *Macon Dry Goods Co.*, 103 *Ga.* 661 (30 S. E. 566) said: "In a suit for damages growing out of a breach of contract required by the statute to be in writing, the petition is not demurrable upon the ground that it does not set forth whether or not the contract was in writing." See, in this connection, *Freeman* v. *Matthews*, 6 *Ga. App.* 164 (1) (64 S. E. 716); *Georgia, Fla. &c. Ry. Co.* v. *Parsons*, 12 *Ga. App.* 180 (1) (76 S. E. 1063); *Kiser* v. *Padrick*, 30 *Ga. App.* 642 (118 S. E. 791); and *North* v. *North*, 59 *Ga. App.* 442 (2) (1 S. E. 2d 215).

■ As to the general grounds, the verdict is supported by sufficient competent evidence, although the evidence is in sharp conflict.

■ ■ Special ground 1 assigns error on the following excerpt from the charge of the court: "Now, gentlemen, I will charge you the rule of law known as the principle of comparative negligence. It will be applied first to the plaintiff's claim that he is entitled to damages from the defendant. And second, to the defendant's claim that he is entitled to damages from the plaintiff. First, as to the plaintiff's claim, if the jury should find that the plaintiff was negligent and that his negligence contributed to the plaintiff's injuries and damages, and that the defendant was negligent, and that his negligence contributed to the injuries and damages of the plaintiff, if any, it would be the duty of the jury to determine the degree of plaintiff's negligence contributing to the plaintiff's damages, and the degree of the defendant's negligence contributing to the plaintiff's damages; and if in so doing the jury should find that the degree of negligence of the plaintiff contributing to the plaintiff's damages was equal to or greater than the degree of negligence attributable to the defendant causing damage to the plaintiff, the plaintiff

would not be entitled to recover. However, if the jury should find that the degree of negligence attributable to the plaintiff was less than that attributable to the defendant, the plaintiff would be entitled to recover, but not the full amount of his damages. Those damages, when ascertained, should be reduced by the jury in proportion to the degree of negligence attributable to the plaintiff. *I charge you, however, gentlemen, that if the plaintiff in this case by the exercise of ordinary care, as heretofore defined for you, could have avoided the consequences caused by the negligence of the defendant, if the defendant was negligent, where that negligence became apparent to the plaintiff, or by the exercise of ordinary care upon his part he could have become aware of it, the plaintiff is not entitled to recover in any amount.*" (Italics ours.)

This charge is attacked on the grounds: (1) That it is not a correct abstract principle of law; (2) that it illegally permitted the jury to find against the movant; (3) that it illegally permitted the jury to find against the movant, although the jury concluded that the negligence of the movant exceeded the negligence of the plaintiff, but that the negligence of neither, nor a combination or conjunction of negligence of both, was the proximate cause of the plaintiff's alleged injuries and damages, all contrary to law and to the prejudice and injury of the movant; and that nowhere in the charge was the alleged error cured. The defendant cites in support of his contention, *Whatley* v. *Henry,* 65 *Ga. App.* 668 (16 S. E. 2d 214). We find nothing in that case which requires us to hold erroneous the charge in the instant case. See *Southern Ry. Co.* v. *Nichols,* 135 *Ga.* 11 (4) (68 S. E. 789); *Simon* v. *Simmons,* 36 *Ga. App.* 518 (137 S. E. 282); *Railway Express Agency* v. *Mathis,* 83 *Ga. App.* 415 (6) (63 S. E. 2d 921). This court in the last case cited held correct a charge on the same principle, and in many instances in the same language as in the instant case. The assignment of error in this special ground is without merit.

■ Special ground 2 complains of the following excerpt from the charge: "Now, gentlemen, I will charge you the rule of law known as the principle of comparative negligence. It will be applied first to the plaintiff's claim that he is entitled to damages from the defendant. And second, to the defendant's claim

that he is entitled to damages from the plaintiff. First, as to the plaintiff's claim, if the jury should find that the plaintiff was negligent and that his negligence contributed to the plaintiff's injuries and damages, and that the defendant was negligent, and that his negligence contributed to the injuries and damages of the plaintiff, if any, it would be the duty of the jury to determine the degree of plaintiff's negligence contributing to the plaintiff's damages, and the degree of the defendant's negligence contributing to the plaintiff's damages; and if in so doing the jury should find that the degree of negligence of the plaintiff contributing to the plaintiff's damages was equal to or greater than the degree of negligence attributable to the defendant causing damage to the plaintiff, the plaintiff would not be entitled to recover. However, if the jury should find that the degree of negligence attributable to the plaintiff was less than that attributable to the defendant, the plaintiff would be entitled to recover, but not the full amount of his damages. Those damages, when ascertained, should be reduced by the jury in proportion to the degree of negligence attributable to the plaintiff. I charge you, however, gentlemen, that if the plaintiff in this case by the exercise of ordinary care, as heretofore defined for you, could have avoided the consequences caused by the negligence of the defendant, if the defendant was negligent, where that negligence became apparent to the plaintiff, or by the exercise of ordinary care upon his part he could have become aware of it, the plaintiff is not entitled to recover in any amount."

Immediately following this excerpt the court charged the jury: "The plaintiff says that the defendant was negligent as charged in the plaintiff's petition as amended, and that this negligence was the proximate cause of the plaintiff's alleged injuries and damages. Should you believe by a preponderance of the evidence that the defendant was negligent, as alleged, and that such negligence, if any, was the proximate cause of the plaintiff's alleged injuries and damages, then the plaintiff would be entitled to recovery against the defendant, provided the plaintiff is not precluded from a recovery under some other rule or rules of law given you in charge by the court."

It is contended by the movant in this ground as follows: "There was evidence on behalf of the defendant tending to show

that defendant did not contribute at all to the plaintiff's injuries and damages. There was also evidence on behalf of the defendant tending to show that plaintiff's own negligence was the cause of his injuries and damages. There was also evidence on behalf of the defendant tending to show that the plaintiff could have avoided the alleged negligence of the defendant by the exercise of ordinary care and diligence. The only place in the court's entire charge that the court charged the jury the rule of law that the plaintiff would not be entitled to a recovery if' they found that the plaintiff could have avoided the consequences of the defendant's negligence was as above set out."

Without going into the lengthy and detailed criticism of the alleged errors in this ground, suffice it to say that, in the last sentence of the excerpt from the charge as set out in the first ground, the court charged on the principle of comparative negligence. There is no contention that the principle dealt with in this ground was not generally charged. The contention is that the charge should have been amplified. In our opinion the portion of the excerpt from the charge as hereinabove quoted in special ground 1 and italicized covered the principle of law for which the movant is herein contending. When we take into consideration the pleadings, the evidence, and the charge as a whole, we find no reversible error in this special ground. There is nothing to the contrary in *Western & Atlantic R. Co.* v. *Jackson*, 113 *Ga.* 355 (38 S. E. 820), called to our attention by the defendant. Since the judge had already charged this principle, it was not incumbent upon him to charge it again. See *Liberty Nat. Life Ins. Co.* v. *Stinson*, 61 *Ga. App.* 344 (4) (6 S. E. 2d 199). This special ground is without merit.

■ Special ground 3 assigns error on the following excerpt from the charge: "The defendant further contends that the plaintiff himself was negligent and not in the exercise of ordinary care and diligence, and that the plaintiff's alleged injuries and damages were proximately caused by the failure on his part to exercise ordinary prudence for his own safety. Should you find this contention to be the truth of this case, and that the plaintiff's alleged injuries and damages were proximately caused by his own negligence, if he was negligent, then the plaintiff would not be entitled to recover."

The criticism is substantially that it placed an undue and unlawful burden on the defendant; that it was confusing and misleading to the jury; that it illegally permitted the jury to find against the movant if they believed that he was negligent as charged by the plaintiff, but further that the plaintiff could have avoided the consequences of the defendant's negligence by the exercise of ordinary care and diligence; and that the plaintiff was not entitled to recover (1) if he could have avoided the consequences of the negligence of the defendant by the exercise of ordinary care; (2) that the plaintiff's damages and injuries were caused by a failure to exercise ordinary care and diligence for his own safety; and (3) or if his injuries were proximately caused by his own negligence; whereas this excerpt required a finding by the jury, that all three, not just any one of the three of these situations or conditions, existed before the plaintiff would not be entitled to recover. It is not contended in these special assignments of error on this excerpt that the charge was not a correct principle of law, but the contention seems to be that the court should have charged further. In the instant case the record is lacking in pleadings and evidence to require any further or additional charge because the defendant had no pleadings to that effect. In the absence of pleadings and evidence, the court did not err—even conceding that the defendant is correct in the conclusion of the excerpt and the charge as a whole on the subject—without a request so to charge. In *Whatley* v. *Henry,* supra, at page 674, it is stated that, in such a situation relating to want of ordinary care or avoidance of the negligence of the defendant by the plaintiff, such a charge is not required in the absence of pleading and a written request so to charge. *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559 (64 S. E. 680), and *Lamb* v. *McAfee,* 18 *Ga. App.* 584 (90 S. E. 103), are inapplicable to the situation presented here by the petition, the answer of the defendant, the evidence, and the charge of the court. We might add here "That a charge which is correct in itself does not contain another applicable principle of law is not a good assignment of error." See *Borochoff* v. *Breman,* 85 *Ga. App.* 256 (2) (68 S. E. 2d 915). We find no reversible error.

■ Special ground 4 complains of the admission, over the objection of the defendant, of a report of a trooper of the Georgia

State Patrol, Hubert Stallings, made by him after he had visited the scene of the collision about one hour thereafter. At the trial the trooper was sworn as a witness for the defendant. The report, offered in evidence by the plaintiff at the time of the trial, was in material respects different from what the trooper testified at the trial and materially different from a diagram on the report and a diagram made by the trooper at the time of the trial, which latter diagram the defendant had previously introduced in evidence. It is contended that the introduction of this report of the trooper made the same day of the occurrence in question was necessarily, as to the certain portions of it to which objections were made, based upon hearsay testimony, which had no probative value; and this report, having been sent out with the jury for consideration without restrictive limitations to the effect that it was introduced for impeaching purposes only, was illegal, prejudicial, and erroneous. This is contended particularly to be error since it aided the jury and no doubt persuaded them to decide erroneously in favor of the plaintiff against the defendant concerning certain allegations in the petition to the effect that the injury occurred to the plaintiff because the defendant's vehicle was following closely behind the plaintiff's vehicle and attempted to pass the plaintiff's vehicle without giving a warning signal and attempted to negligently pass the defendant's vehicle.

The defendant, in support of his contentions in this ground, calls our attention to *Taintor* v. *Rogers*, 197 *Ga.* 872 (30 S. E. 2d 892). The instrument in that case was not, as was the instrument in the instant case, introduced specifically for impeachment purposes. That case is not applicable here to sustain the contentions of the defendant. The same is true as to the next case cited by the defendant, *Mutual Benefit Health &c. Assn.* v. *Bell,* 49 *Ga. App.* 640 (176 S. E. 124). The evidence there offered was inadmissible because it was hearsay. The question of restricting the testimony to impeachment purposes was not there involved. The following cases cited by the defendant are not in point, as a casual reading will disclose, since the question of impeachment only was not specifically raised and relied on as in the instant case: *Atkinson* v. *Mullis,* 28 *Ga. App.* 176 (110 S. E. 509); *Horine* v. *Cox,* 37 *Ga. App.* 216 (4) (139 S. E. 591); *Spencer* v. *Wright,* 48 *Ga. App.* 126 (172 S. E. 91); *Binder* v.

*Georgia Ry. &c. Co.*, 13 *Ga. App.* 381, 384 (79 S. E. 216) ; *Swift* v. *Moore*, 15 *Ga. App.* 254, 259 (82 S. E. 914) ; *Cantrell* v. *Byars*, 71 *Ga. App.* 287 (30 S. E. 2d 643). The defendant further calls our attention to: *Watts* v. *Starr*, 86 *Ga.* 392 (12 S. E. 585) ; *Central R. & Bkg. Co.* v. *Maltsby*, 90 *Ga.* 630 (16 S. E. 953) ; *City of Atlanta* v. *Brown*, 73 *Ga.* 630. These cases are to the effect that, when testimony is admitted solely for the purpose of impeachment, the court should properly limit the effect of this evidence to that purpose. It might be well to keep in mind in this connection that it is not error to fail to charge on the question of impeachment where there is no written request to do so. See *Hunter* v. *State*, 136 *Ga.* 103 (4) (70 S. E. 643), and *Hall* v. *State*, 31 *Ga. App.* 783 (3) (122 S. E. 98). The court in the instant case did not attempt to charge on the principle of impeachment. In the cases cited by the defendant, the charges were objectionable for reasons given therein. Those reasons are not involved under the contention in the instant case. While it is true that when the report of the trooper now under consideration was offered in evidence, the defendant called attention to certain objectionable features of the report, the report itself was objected to as a whole. This situation presents quite a different question to the appellate courts, in the cases relied on by the defendant, than is presented under the instant record. We think the true rule in the case before us is laid down in *Manley* v. *Combs*, 197 *Ga.* 768 (2) (30 S. E. 2d 485) as follows: "A written document previously made and signed by a witness, which is contrary to his testimony, may be introduced in evidence for the purpose of impeachment on the ground of contradictory statements; and this may be done notwithstanding the witness admits signing the document, and testifies that most of the statements contained therein are false, where the document contains other statements whose falsity is not admitted." This court held in *Bates* v. *State*, 4 *Ga. App.* 486 (1) (61 S. E. 888) : "A declaration of a witness previously made, inconsistent with his testimony in any material particular, is admissible for the purpose of impeachment, whether the declaration be a statement of facts inconsistent with his testimony, or an expression of opinion different from the conclusion which the facts testified to by him tend to establish." The Supreme Court

in *Central of Ga. Ry. Co.* v. *Trammell & McGowan*, 114 *Ga.* 312 (5) (40 S. E. 259) held: "It is competent to prove, for the purpose of impeaching a witness who has testified that the fire was caused by other agencies than the railroad company, that on the night upon which the fire occurred he expressed a decided conviction that the fire was caused by the railroad company." In *Hotel Dempsey Co.* v. *Miller*, 81 *Ga. App.* 233 (4) (58 S. E. 2d 475), this court said: "It is never error to overrule an objection to evidence if it is admissible for any purpose. If it is desired to limit the effect of the evidence, the court should be requested to charge that the evidence is admitted for a special purpose and its effect limited to that purpose." In *Purvis* v. *Atlanta Northern Ry. Co.*, 145 *Ga.* 517, 519 (89 S. E. 571), the Supreme Court said: "If evidence is admissible for any purpose, its admission will not cause a new trial. If the purpose for which the jury can consider such evidence is limited, this furnishes matter for instruction to the jury. An omission of the court to instruct the jury as to the purpose for which they could consider such testimony will not require a new trial, in the absence of an appropriate request for that purpose."

In conclusion as to this special ground, we think it necessarily and logically follows that since the document in question was offered and admitted as a whole for purposes of impeachment, and since there was no appropriate written request for the court to charge the jury limiting the purpose of the document, the assignment of error herein does not require a reversal.

■ Special ground 5 assigns error because the court submitted to the jury the right of the plaintiff to recover for lost earning capacity in the amount of $1,500, based upon the pleadings in the case and the evidence submitted. The petition as amended is to the effect: that as a result of the injuries received by the plaintiff he was entitled to recover loss of earnings in the amount of $1,500; that immediately prior to his injuries he was foreman for Maxon Construction Company, Kingston, Tennessee; and that his average monthly earnings as a general carpenter foreman were $519 per month; that the plaintiff had been offered a similar position with King Construction Company of Miami, Florida; that this company agreed to pay the plaintiff a salary equal to that which he had been paid by Maxon Construction

Company; and that the plaintiff was on his way to Miami to take said work at the time of the collision. Miami was the plaintiff's home, and the plaintiff decided to take the position in Miami at $2.50 per hour for forty-eight hours per week; that in Miami he would get time and one-half for overtime, and thus he would average $130 per week, or approximately $520 per month. The plaintiff alleged that, by reason of the injuries he received, he lost three months' salary because he was unable to work during the three months.

The assignment of error is that the allegations of the petition do not disclose the period of time which the plaintiff was to work for the construction company in Miami, Florida—whether or not it was a week, a month, or just how long. In support of this contention, the defendant calls our attention to *Mondon* v. *Western Union Tel. Co.*, 96 *Ga.* 499 (23 S. E. 853). As to whether or not the defendant's contentions are sustainable depends somewhat upon a conclusion as to the meaning of the opinion in that case. It is our opinion that the proper conclusion is that it is based on a breach of contract on the part of the telegraph company to deliver the message. But whether we construe that case to be an action ex contractu or ex delicto, in either event it is a suit for damages arising out of a breach of a contract. In one of the cases cited in the *Mondon* case, i.e., *Magarahan* v. *Wright & Lamkin*, 83 *Ga.* 773, 777 (10 S. E. 584) the court said: "Where a person is hired to serve another without any agreement as to the duration of service, there is no inflexible rule of law as to the length of time the hiring is to continue. The question as to the length of time the hiring is to continue will be governed by the circumstances of each particular case." Another case cited in the *Mondon* case is *Baldwin* v. *Western Union Tel. Co.*, 93 *Ga.* 692 (21 S. E. 212). In our opinion both the cases cited in the *Mondon* case were based upon a breach of contract. The instant case is not founded upon a breach of contract, but is a suit for the loss of earnings caused by the negligence of the defendant. In our opinion, the distinction between the action as in *Mondon* v. *Western Union Tel. Co.*, supra, and the instant case, is correctly drawn in the case of *Southwestern R. Co.* v. *Vellines*, 14 *Ga. App.* 674, 683 (82 S. E. 166) wherein the Supreme Court said: "A very definite difference is generally recog-

nized between consequential damages which may be recovered for the breach of a contract and similar damages recoverable for a tort. The damages which may be recovered for a breach of contract are usually limited to the direct and immediate consequences of the breach,—such damages as arise naturally and according to the usual course of things therefrom, and such as the parties must have reasonably contemplated when the contract was made, as the probable result of its breach . . . whereas in actions for torts 'every particular and phase of the injury may enter into the consideration of the jury in estimating compensation, loss of time, with reference to the injured party's condition and ability to earn money in his business or calling.' . . 1 Sutherland on Damages (3d ed.), sec. 93."

The Supreme Court said in *Broyles* v. *Prisock*, 97 *Ga.* 643 (1) (25 S. E. 389): "It was competent for the plaintiff in an action for damages resulting from personal injuries to testify that when injured he was earning a stated monthly salary as assistant jailer, it appearing that because of the injuries he was deprived of this situation and his salary in connection therewith for three months. The evidence was admissible not only to show the actual loss of salary for that period, as a basis for computing in part his damages, but also to throw light generally upon his capacity to earn money."

The assignment of error in this special ground is not meritorious.

The court did not err in denying the amended motion for new trial.

*Judgment affirmed.  Townsend and Carlisle, JJ., concur.*