## 62384. McCOY v. HANKINS et al.

QUILLIAN, Chief Judge.

Dixie McCoy, executrix of the estate of Nelle Nix, deceased, brings this appeal from a jury verdict for the plaintiffs — James and Eleanor Hankins. James Hankins was operating his GMC pickup truck in a northerly direction on Smith Street in Summerville, Georgia, with his wife Eleanor as a passenger. Mrs. Nix was driving her Chevrolet Impala in an easterly direction on Allen Street which intersected with Smith. Smith was a through street with the right of way over Allen. A stop sign was erected on Allen where it intersected with Smith. The operators of both vehicles had a clear view of the other when approaching the intersection. Mr. Hankins testified he saw Mrs. Nix "eight or nine car lengths down the street . . . about 185 feet . . ." At that time he was traveling about "eight" miles per hour — "maybe . . . ten . . ." He saw "this [other] car had plenty of time to pull up to this stop sign and stop, and I continued on through. I got three-fourths of the way through there, something like that. I was struck." He was asked: ". . . did you know that she wasn't going to stop at the stop sign? A. No, I didn't. I know she was supposed to, but I didn't know she wasn't going to stop. Q. Was there anything about the way she was driving that caused you, when you were back up here, to think she wasn't going to stop at the stop sign? A. No. No." Mrs. Nix's car struck Mr. Hankins' pickup on the left rear wheel and the panel just to the rear and above the left rear wheel. The point of impact on Mrs. Nix's car was the center of the front of her car. The apparent point of collision of the two vehicles was "perfectly in the center of the intersection" of Smith and Allen Streets. The Hankins' truck was spun around and turned over. Eleanor Hankins' arm was caught between the truck and the pavement when it turned over, and was severely lacerated.

Mrs. Nix had high blood pressure previous to this incident, and the vehicle collision upset her. The collision occurred on June 12 — she entered the hospital on June 14, and died on June 19. Her executrix was substituted as the defendant in this action and appeals from the jury verdict and judgment for the plaintiffs. *Held:*

1. Defendant's first enumerated error alleges "the Trial Court erred in failing to charge the jury on the Doctrine of Last Clear Chance." We cannot agree. The judge charged the jury on "avoidance of consequences" caused by the defendant's negligence as set forth in Code Ann. § 105-603 (Code § 105-603), which was adjusted to the facts of this case. This enumeration is without merit. See *Thompson v. Powell,* 60 Ga. App. 796, 809 (5 SE2d 260); *Lovett v. Sandersville R. Co.,* 72 Ga. App. 692, 698 (34 SE2d 664); *Louisville &c. R. Co. v.*

*Patterson,* 77 Ga. App. 406, 408 (49 SE2d 218), overruled on other grounds 93 Ga. App. 159 at 164 (91 SE2d 135).

2. The second enumeration contends the trial court's charge to the jury "was incomplete and insufficient to adequately inform the jury as to [the] doctrine" of comparative negligence. Our Code states that "no party may complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; as amended through 1968, pp. 1072, 1078). Defendant's counsel had directed our attention to the trial transcript wherein he objected "to the refusal [of the trial court] to give the comparative — the comparative negligence instruction to the jury as appeared in the [plaintiff's] request No. 23 . . . I think the Court modified it to some extent . . . In other words, our position is that request No. 23 was a correct statement of comparative negligence, and that request as given by the Court did not fully state that theory to the jury so they could apply it to the evidence in this case. We object to it, the insufficiency of the charge as given." The record reflects that plaintiffs' requested charge No. 23 is marked "withdrawn" and initialed by the trial judge and dated "2/3/81."

We construe counsel's objection at trial — required to be articulated "distinctly [as to] the matter to which he objects and the grounds of the objection" (Code Ann. § 70-207), to relate principally to the refusal of the trial court to give the other counsel's requested charge. It was apparently so understood by the trial judge for he commented: ". . . that No. 23, if I remember . . . Yeah. That request was drawn by the counsel for the Hankins." We find this enumeration to be without merit. The defendant did not request a charge on comparative negligence and counsel's appellate argument that he "adopted the Appellees' request to charge Number 23" is not supported by the record. Counsel admits that plaintiffs' requested charge was withdrawn and that the trial court gave a substitute charge. Thus, nothing was left for defendant's objection to apply to as the request to charge on this issue had been withdrawn. The charge as given was correct and adjusted to the evidence, and in the absence of a timely request by defendant's counsel for a charge on comparative negligence, he cannot complain of the failure to give plaintiffs' requested charge which had been withdrawn. *Georgia Southern &c. R. Co. v. Thornton,* 144 Ga. 481 (5b) (87 SE 388); *Western & Atlantic R. Co. v. Smith,* 145 Ga. 276 (5) (88 SE 983); *Lanier v. Council,* 179 Ga. 568 (12) (176 SE 614); *Simon v. Simmons,* 36 Ga. App. 518 (3) (137 SE 282); *Black &c. Cab Co. v. Clark,* 67 Ga. App. 170 (7) (19 SE2d 570); *Bagley v. Akins,* 110 Ga. App. 338 (1) (138 SE2d 430); *Jones v. Cloud,*

119 Ga. App. 697, 703 (168 SE2d 598).

3. In the first instance, defendant's contention that the verdict was excessive or inadequate addresses itself to the discretion of the trial judge who saw the witnesses and heard the testimony. *St. Paul Fire &c. Ins. Co. v. Dillingham,* 112 Ga. App. 422, 425 (145 SE2d 624). The present verdict having the approval of the trial judge, and in view of the injuries suffered, the painful and permanent injury, with loss of physical function, it cannot be said as a matter of law that the verdict is excessive. *Central of Ga. R. Co. v. Nash,* 150 Ga. App. 68, 72 (256 SE2d 619); Accord: *Redwing Carriers v. Knight,* 143 Ga. App. 668, 677 (239 SE2d 686).

4. The general grounds are without merit. We have examined defendant's other enumerated errors and find them to be non-meritorious.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1981.

*Frank M. Gleason, John W. Davis, Jr.,* for appellant.
*Benjamin Ballenger,* for appellees.