|  8  | 337 |
| 121 |  5  |

## No. 58.—AMBROSE CHAPMAN *vs.* JAMES M. GRAY.

[1.] A copy of the writ of error must be served on the defendant in error, or his counsel, within ten days from the signing and certifying of the bill of exceptions.   This right, however, may be waived by the defendant or his counsel.

[2.] When a party has neglected to comply with any rule of practice, the Court will not entertain an argument which seeks to screen the party from the penalty of his failure, by showing that the rule itself is inexpedient.

[3.] The rules of the Court are the law of the Court, until repealed, unless they are repugnant to the Constitution and Statutes of the State.

The defendant in error joined issue with a protestation, and moved to dismiss the writ on error:—

1. Because no copy of the writ of error was served on the defendant or his counsel.

2. Because the bill of exceptions does not specify the errors complained of.

The following acknowledgment appeared on the citation:

" I acknowledge, hereby, service of the within citation and notice, and the notice of the signing and certifying of the bill of exceptions is hereby acknowledged, and waive other and farther notice.    This 16th April, 1850.

ROBT. V. HARDEMAN, Defendant's Attorney."

The bill of exceptions, after stating the decision of the Court affirming the judgment appealed from in the Court of Ordinary, added, " To which decision of the said Court, and the judgment thereon, affirming the judgment of the Court of Ordinary, the said Chapman excepts, and tenders," &c.

CONE, for the motion,

CHAPPELL, contra.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The only ground taken in this motion, which we deem it necessary to notice, is, that no copy of the writ of error was served on the defendant or his counsel.    The 21st Rule of this Court requires that this should be done within ten days from the signing and certifying of the bill of exceptions.    *Manual,* 31. And a failure to comply with this provision would be fatal to the plaintiff's case.

[2.] The position assumed in the argument is, that the rule itself is useless, and it is sought, for this reason, to screen the party from the consequences of his neglect.    This Court cannot, and will not entertain such an argument, or sustain such an excuse,

Chapman *vs.* Gray.

The Legislature has clothed the Judges of the Supreme Court with the discretion of establishing Rules of Practice. §14 *of the Act of* 1845.   This power is inherent in all Courts.

[3.] The rules of this Court are the laws of the Court, and must be obeyed, until repealed, unless it can be shown that they are repugnant to the paramount law; and this is not pretended in the present instance.   All judicial rules are judicial legislation.   But this constitutes no good objection to their validity.   I venture the assertion, that there is not an appellate tribunal in the Union, whose rules are so few and simple.   The Supreme Court of New York, under the new code, in which reform is supposed to have been carried to the *ne plus ultra* of attainable perfection, at a general session of the Judges, established, *at the beginning*, 92 Rules of Practice, occupying an octavo pamphlet of 57 pages. Our whole number now is 33, filling some ten pages of our duodecimo manual; and a large portion of these were rendered necessary by the anomalous attitude in which we were placed, by having to devise a plan to engraft the writ of error, designated by the amended Constitution, as the mode of bringing up cases, upon the bill of exceptions, provided for by the Act organizing this Court.   The only inference to be drawn from the omission by the General Assembly to act in the matter, is, that they designed to delegate this delicate and important trust entirely to the Court itself.

Labor is naturally irksome, and to avoid it, which one of our rules has not been assailed?   The 14th, for example, making it the duty of the plaintiff in error, or his counsel, to furnish each of the Judges and the Reporter, with a copy of the bill of exceptions, and a note of the points intended to be made, together with a statement of the facts in the cause, has been constantly complained of, as imposing an unnecessary and intolerable burthen.

By reference to the 32d of the New York rules, it will be seen, that the appellant, as here, is required to furnish the papers for the Court, which consists of a certified copy of the judgment roll, together with a case, stating the time of the commencement of the suit, and of the service of the respective pleadings, the names of the original parties in full, the change of parties, if any has taken place pending the suit, with a brief history of the proceedings in the cause, and containing an abstract of the plead-

ings, to which shall be added the reasons of the Court below for its judgment, if the same can be procured; and at the commencement of the argument, the appellant is *required to* furnish a *printed* copy of the papers to each of the Judges, together with a *printed* copy of the points on which he intends to rely, with a reference to the authorities which he intends to cite ; and he shall also deliver to the attorney of the adverse party, at or before noting the said appeal for trial, *three printed* copies of said papers; and at the commencement of the argument, each party shall serve upon his adversary, a *printed* copy of his points and authorities on which he intends to rely; and in case the appellant neglects to comply with these regulations, his opponent is entitled to move, at the earliest practicable day, that the cause be stricken from the calendar, and that judgment be rendered in his favor. And I would remark, by way of answer to the complaint, that causes are too often dismissed here for defects in the pleadings, without being heard on their merits; that the foregoing clause,. " that the cause be stricken from the calendar," &c. is one of frequent recurrence in the New York, and every other system of rules.

What a contrast in expense and labor, to our code, do these rules exhibit ! We have the cheapest and most expeditious judiciary in the world; and the faults in its administration are attributable to these very excellencies—*excellencies for which, in my humble judgment, nothing can compensate.* To expect infallibility or exemption from error, however, under the circumstances, and especially without sharing the labor with us, by supplying the necessary facilities for adjudicating causes, is as unreasonable as the edict of Pharaoh, which exacted the usual tile of brick from the Israelites, without furnishing the proper allowance of straw and mortar for their manufacture.

Regretting, as we always do, to dismiss a writ on account of any irregularity in the papers or proceedings, we have scrutinized closely the record, with a view, if possible, to save it. Counsel for the defendant in error acknowledges service of the citation notice, and *waives other and farther notice.* By giving a liberal construction to this acknowledgment, it may be applied to a copy of the writ of error—indeed, it is difficult to apply it to any thing else. The defendant is required to be served with this pro-

cess, for his benefit.   It is competent, however, for him to waive it, and this, we think, he has virtually done.

Considering, then, as we do, that there is nothing in the other grounds, the motion to dismiss the writ of error must be refused.