19152. LIGHTFOOT *v.* APPLEWHITE *et al.,* Trustees.

DUCKWORTH, Chief Justice. This is an action for declaratory judgment and for equitable relief, the actual controversy being a dispute as to the ownership of land, which depends upon the location of a road that is the alleged dividing line between two tracts of river-front property. After a jury returned a verdict in favor of the plaintiffs, the court restrained the defendant from trespassing and decreed the present road to be the correct dividing line. A motion for new trial was filed and later amended to add nine additional grounds, and after a hearing the same was denied, and the exception is to that judgment. The evidence, in substance, was as follows: On July 14, 1911, The Ogeechee Club received title to one acre of land, more or less, "bounded on the north by old road leading from the Ogeechee River through Scarboro," this being the boundary line in dispute. In 1942, the plaintiff in error, defendant in the lower court, received title to a tract of land containing 568 acres, more or less, the deed of conveyance referring to a plat made by W. H. Jordan, surveyor, dated November 22, 1905, which shows a southern boundary as being a road crossing the Ogeechee River running "S 41.45 W" to the

river from another road on the east, this also being the boundary in dispute. There was much evidence to show that the present road has been in approximately the same location for more than 50 years. However, a surveyor who testified for the defendant swore that he ran a line from the above plat, which showed it encroached upon the property claimed by The Ogeechee Club in running down to the river; that he found other signs of the existence of an old road; and that this placed the old road line as shown on the plat in a gully claimed by The Ogeechee Club. There was also evidence as to the existence of an old ferry and the existence of other old roads in the immediate vicinity, and that both parties had been in constructive possession of their tracts, and some evidence that the plaintiffs had been in actual possession of their property. *Held*:

1. Since it is manifest from the bill of exceptions and the record which party is the plaintiff in error and which parties are the defendants in error, the motion to dismiss the writ of error upon the ground that the bill of exceptions does not name the parties is denied. *Joiner* v. *Singletary,* 106 *Ga.* 257 (32 S. E. 90); *Carter* v. *Parrish,* 154 *Ga.* 531 (1 b) (114 S. E. 709).

2. Grounds of a motion for new trial not unqualifiedly approved by the trial judge can not be considered. Code § 70-301; *Gray* v. *Junction City Mfg. Co.,* 195 *Ga.* 33 (1) (22 S. E. 2d 847); *Andrews* v. *State,* 196 *Ga.* 84, 86 (14) (26 S. E. 2d 263); *Gunnells* v. *State,* 199 *Ga.* 486 (34 S. E. 2d 654). Hence special grounds 1, 2, 5, and 7 of the amended motion will not be considered, since they are not unqualifiedly approved by the court.

3. The right of cross-examination, thorough and sifting, belongs to every party as to witnesses against him, and it was error to refuse to allow the cross-examination of a witness as to his interest, attitude and feelings. Code §§ 38-1705, 38-1712; *Detwiler* v. *Cox,* 120 *Ga.* 638 (1) (48 S. E. 142); *Taylor* v. *State,* 121 *Ga.* 348 (5) (49 S. E. 303); *Atlantic Coast Line R. Co.* v. *Powell,* 127 *Ga.* 805, 806 (7) (56 S. E. 1006, 9 L. R. A. (NS) 769, 9 Ann. Cas. 553). Special ground 3, complaining of this refusal, is therefore meritorious.

4. The question asked of a witness as to the size of the plaintiffs' land which was not in dispute was immaterial and irrelevant since this was not in issue; hence the 4th ground of the amended motion, complaining of the refusal of the court to allow the witness to answer, is without merit.

5. Special ground 6 complains of the charge of the court on constructive and adverse possession. The charge on constructive possession was erroneous, in that it failed to add that, when adjacent owners are in constructive possession of the same land, no prescription can arise in favor of either. And the charge on adverse possession was incomplete, in that it neither defined nor set out the elements thereof as shown in Chapter 85-4 of the Code. The error was clearly harmful to the defendant, since one of his contentions was that the parties were adjoining property owners, hence constructive possession of the land could not result in title by prescription in favor of either. The court erred in overruling this ground.

6. The 8th special ground complains of an excerpt from the charge, in which the court stated the contentions of the parties, that the court failed to charge the defendant's contention as to the existence of the old road and his property extending to this road. A complete reading of

the entire charge shows that it fully points out this contention of the defendant, and this ground is without merit.

7. The 9th special ground sets out newly discovered evidence, which movant insists is material and not solely cumulative. This evidence is as to the location of an old ferry and road which was later moved to a new location where the present road is located. This evidence is merely cumulative, and this ground is without merit. Code § 70-204; *Shields* v. *State*, 186 *Ga.* 156 (197 S. E. 281); *Crawford* v. *Gale*, 204 *Ga.* 448 (49 S. E. 2d 905).

8. The evidence was sufficient to support the verdict, hence the general grounds of the motion are without merit; but, for the reasons stated in headnotes 3 and 5, the court erred in denying the motion for new trial as amended.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 14, 1955—DECIDED JANUARY 9, 1956.

*Barney Lightfoot*, in propria persona.

*W. Colbert Hawkins*, contra.