24195. HICKS v. MAPLE VALLEY CORPORATION.

FRANKUM, Justice. Rule 16 of this court provides that the brief of the appellant shall be divided into two parts; that "part 1 shall contain a concise statement of the case, including a statement of the reasons why the Supreme Court and not the Court of Appeals has jurisdiction, with citation of the part or parts of the record, and if possible the particular paragraphs thereof, showing such jurisdiction," and that "part 1 shall also contain succinct and accurate statements of the issues of law as made by the errors specified and reference to the parts of the record and transcript of the evidence necessary for consideration thereof." With respect to part 2 of appellant's brief this rule provides that it shall contain the argument and citations of authorities and shall likewise contain a conclusion specifying with particularity the relief to which the party deems himself entitled. See Rules of the Supreme Court of the State of Georgia (Adopted July 8,

1965) 220 Ga. 909, 912. As was pointed out by this court in the early case of *Chapman v. Gray*, 8 Ga. 337, 339, "The rules of this court are the laws of the court, and must be obeyed, until repealed, unless it can be shown that they are repugnant to the paramount law." The rules of this court first above referred to and adopted since the passage of the 1965 Appellate Practice Act were formulated with a view to the changed mode of showing error and clearly require the appellant to show to this court by appropriate references contained in his brief the place or places in the record transmitted to this court wherein he contends the trial court committed error.

The appellant here who represents himself before this court, and who also represented himself before the trial court has not, in his brief, either in the original brief or in a supplementary brief which he has filed, made reference to any place in the record to which this court may refer to ascertain whether the trial court committed error. Furthermore appellant's brief contains no concise statement of the case, and while it does contain immediately below the heading thereof a designation of "(part 1)", nowhere has appellant designated a "part 2" of his brief, nor does the brief contain a conclusion specifying with particularity the relief to which appellant deems himself entitled. The record in this case contains 236 pages composed in the main of pleadings and orders of the court. The original petition, which itself is voluminous, and, as pointed out by the appellee, is in narrative form, appears to have been amended at least twice, the first amendment covering, together with the exhibits attached thereto, some 42 pages of the record, it too being in narrative form. The second amendment, likewise in narrative form, covers 13 pages of the record, and there is also in the record the plaintiff's petition for a declaratory judgment covering some 23 pages of the record. The orders of court appealed from and enumerated as error sustained the defendant's renewed demurrers to plaintiff's petition as amended and dismissed plaintiff's petition for declaratory judgment. A perusal of the appellant's brief utterly fails to reveal on what theory he contends his petition as amended or his petition for a declaratory judgment set forth a cause of action. Under these circumstances, the appellant has utterly failed to carry the burden devolving upon him of demonstrating to this court

that error was committed by the trial court in sustaining the general demurrer to his petition and in dismissing his petition for a declaratory judgment. For these reasons the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 10, 1967—DECIDED SEPTEMBER 7, 1967—
REHEARING DENIED SEPTEMBER 21, 1967.

Charles Elden Hicks, *pro se.*

*Brackett, Lyle & Arnall, Claude F. Brackett, William F. Brackett,* for appellee.