## 24529. BENEFIELD v. BENEFIELD.

DUCKWORTH, Chief Justice. This is a case involving divorce, alimony and custody of a minor child, based upon a petition filed by the wife with a separate cross petition filed by the husband but with consolidation of both cases before trial. After verdict and judgment in favor of the husband, the wife appeals enumerating sixteen grounds of alleged error. *Held:*

1. It is reversible error for the trial judge, during the progress of the trial or in his charge, to express or intimate his opinion as to what has or has not been proven. *Code* § 81-1104; *Sanders v. Nicolson,* 101 Ga. 739 (28 SE 976); *Florida C. & P. R. Co. v. Lucas,* 110 Ga. 121 (35 SE 283); *Hubbard v. State,* 108 Ga. 786 (33 SE 814); *Robinson v. State,* 207 Ga. 337 (61 SE2d 475). On several occasions the trial judge expressed his opinion as to the evidence as follows: (1) one-half of the defendant's take-home pay for child support was "too much," (2) the amount of money the defendant made, considering all his deductions, was all he had, and (3) summarizing the evidence on a particular point, —all within the hearing of the jury. These errors require a reversal and a new trial.

The court was also injudicious in instructing the jury that the plaintiff's petition had been dormant for two years and was "never sued" in pointing out the filing of the cross petition. This language was inherently prejudicial and calculated to mislead, and can not be said not to have misled the jury. Accordingly, it was reversible error to so charge. See *Alexander v. State,* 114 Ga. 266 (40 SE 231); *Potter v. State,* 117 Ga. 693 (45 SE 37); *Cook v. State,* 40 Ga. App. 125 (149 SE 79); *Lincoln Life Ins. Co. v. Anderson,* 109 Ga. App. 238, 241 (136 SE2d 1).

2. Since a divorce can not be granted by default, a mere failure to answer the complaint or a failure to contest some particular evidence would not be an admission that a divorce should be granted. *Code Ann.* § 30-113 (Ga. L. 1958, p. 315; 1967 pp. 226, 246); *Cohen v. Cohen,* 209 Ga. 459 (74 SE2d 95). The enumeration of error that the evidence demanded a verdict for appellant is not meritorious.

3. The opposing party is entitled to a thorough and sifting cross examination of the witnesses against him. Where the court,

without the objection of opposing counsel, prevents counsel from pursuing his cross examination by ruling out a question pertaining or bearing upon the husband's income in a divorce and alimony case, it is reversible error. See *Code* §§ 38-1705, 38-1712; *Taylor v. State,* 121 Ga. 348 (49 SE 303); *Lightfoot v. Applewhite,* 212 Ga. 136 (91 SE2d 37). The manner and extent of a cross examination are, to a certain extent, within the control and discretion of the presiding judge, but this substantial right should never be abridged or denied. *News Publishing Co. v. Butler,* 95 Ga. 559 (22 SE 282). Since this is a ruling that the court erred in refusing to allow the cross examination on income, no ruling is required on the alleged error that the court failed to allow evidence as to the income of the defendant.

4. The court did not err in its charge on desertion as complained of here since the contested evidence as to which spouse wilfully and continuously separated from the other was a question for the jury. There is no error shown in this alleged error.

5. Since the brief of counsel fails to comply with Rule 16 of this court in pointing out the location in the record or transcript where the alleged instructions on "grossly improper conduct" or "crime involving moral turpitude" may be found, these alleged errors will not be considered. It likewise fails to point out the parts of the record and transcript supporting the claim of insufficient attorney's fees. In addition the brief also violates the rule in regard to several other complaints about the charge. This court can not read every line of the record and transcript to hunt for error. All of these grounds of error will be disregarded.

6. Under the consolidation of the petition and cross petition, it can not be said that the court erred with reference to the form of the verdict to be used. There is no error shown in this enumeration of error.

7. However, the court did err in instructing the jury that it was to decide "which of these parties is entitled to a divorce on which petition." Since the jury is never required to nor must it automatically find for divorce but may or is authorized to do so where the evidence establishes the ground upon which the action is brought, this excerpt from the charge was erroneous and left the jury no alternative but to return a verdict for one or the other of the parties contrary to the

210

law of this State. *Brackett v. Brackett*, 217 Ga. 84 (121 SE2d 146); *Schwartz v. Schwartz*, 222 Ga. 460 (150 SE2d 809).

8. The evidence supports the verdict, and none of the alleged errors amounting to the general grounds of a motion for new trial is meritorious.

9. However, for the various reasons stated above in which harmful error is shown, a new trial must be ordered.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 12, 1968—DECIDED APRIL 4, 1968.

*Gilbert & Carter, Fred A. Gilbert,* for appellant.
*Frank W. Brandon,* for appellee.