Jack L. MILLER, Petitioner,

v.

S. Lamont SMITH, Warden, Georgia State Prison, Respondent.

Civ. A. No. 12085.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 24, 1968.

Jack L. Miller, pro se.

Arthur K. Bolton, Atty. Gen., Marion O. Gordon, Asst. Atty. Gen., William R.

Childers, Jr., Deputy Asst. Atty. Gen., Atlanta, Ga., for respondent.

SIDNEY O. SMITH, JR., Chief Judge.

This is an application for writ of habeas corpus in which the prisoner was granted a hearing before the Tattnall Superior Court, but denied his right to appeal to the Supreme Court of Georgia. From the failure of the State Court to grant petitioner his appellate right, he filed a petition for habeas corpus in this court on September 9, 1968, to review the State Court's judgment. On October 24, 1968, petitioner filed a motion to amend the original petition filed on September 9, 1968, which is allowed. In the amendment, petitioner requested that the state hearing be set aside due to the State's failure to allow him "due process of law," in that he did not have the right to cross-examine witnesses who testified for the State.

During the first state hearing on July 17, 1968, petitioner testified on his own behalf and the Assistant Attorney General cross-examined petitioner as to his testimony. This procedure was repeated with petitioner's wife. After the petitioner rested his case, the State offered one witness and requested the hearing be continued until a later date in order to obtain a deposition.

The petitioner stated he objected to this procedure of taking the deposition but his motion was returned by the Court unanswered.

Thereafter; the Attorney General, at a second hearing, read into the record the depositions of Officers James W. Moore and Wendell J. Helton, both of Atlanta, Georgia.

The law of Georgia is well settled on this point. Georgia Code Ann. Section 38–1705 provides:

"The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him. * * *"

Under the most recent Georgia case on the point of cross-examination, the Georgia Supreme Court· in a full bench decision reversed a case due to the trial court's failure to allow a thorough and sifting examination of the witnesses. The Court stated: "The opposing party is entitled to a thorough and sifting cross examination of the witnesses against him. * * * The manner and extent of a cross examination are, to a certain extent, within the control and discretion of the presiding judge, but this substantial right should never be *abridged* or *denied*." Benefield v. Benefield, 224 Ga. 208, 209(3), 160 S.E. 2d 895, 897. Also in Lightfoot v. Applewhite, 212 Ga. 136, 137(3, 91 S.E.2d 37, 39, the Court stated: "The right of cross-examination, thorough and sifting, belongs to every party as to witnesses against him, and it was error to refuse to allow the cross-examination of a witness as to his interest, attitude and feelings." Ga.Code § 38–1712; Taylor v. State, 121 Ga. 348(5), 49 S.E. 303; Atlantic Coast Line R. Co. v. Powell, 127 Ga. 805, 806(7), 56 S.E. 1006, 9 L.R.A., N.S., 769; News Publishing Co. v. Butler, 95 Ga. 559, 22 S.E. 282; Green on Evidence, Sections 126, 129.

Here, the prisoner was not even afforded an opportunity to cross-examine the witness or even talk to the witnesses. The right of either party to a suit is subject to a thorough and sifting cross-examination of the witnesses called to testify against him, and is distinctly declared in Section 38–1705 of the Georgia Code. It is a substantial right, the preservation of which is essential to a proper administration of justice, and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy. Hence, where in the progress of a hearing, a party who testified in his own behalf and was cross-examined as to his own testimony, should have the same right to cross examine witnesses called by the opposite party who testify against him.

Thus, even without regard to the vast number of federal authorities, the State courts deem the right of cross-examination as a vital and substantial part of

the legal process. The failure to afford petitioner such right here constitutes a lack of procedural due process which negates the validity of the state hearing. 28 U.S.C.A. § 2254(d).

This is not to say that the conclusions of the state court would not be supported by a full, fair, and adequate hearing. Accordingly, the case is remanded to the state court to afford the petitioner his procedural rights by (a) a de novo hearing with the right to confront and cross-examine the adverse witnesses or (b) the retaking of the depositions in question affording the prisoner the same rights and reconsideration by the court on the new evidence. Tyler v. Croom, 264 F.Supp. 415 (E.D.N.C.1967).

It is so ordered.