### 25698. LAW v. SMITH, Warden.

HAWES, Justice. Paragraph 3 of Rule 16 of the rules of this court, as amended (221 Ga. 884), relating to what the brief of an appellant shall contain, provides that "Part 1 shall contain a statement of each error enumerated. It shall also contain succinct and accurate statements of the issues of law as made by the errors enumerated and *shall refer to the parts of the record and transcript of the evidence relied upon in support thereof*. Any enumeration of error not thus dealt with will be disregarded." Nowhere in the brief of the appellant, either in Part 1 or Part 2 is there any reference to the part or parts of the record and transcript of the evidence relied upon by the appellant in support of the grounds of his enumeration of errors. Accordingly, upon the authority of *Hicks v. Maple Valley Corp.*, 223 Ga. 577 (156 SE2d 904), none of the enumerated errors will be considered by this court and the appeal here from the overruling of the writ of habeas corpus is affirmed. See *Waters v. Arrendale*, 223 Ga. 617 (157 SE2d 289); *Wallis v. Maddox*, 223 Ga. 626 (157 SE2d 456), and *Benefield v. Benefield*, 224 Ga. 208 (5) (160 SE2d 895).

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 9, 1970—DECIDED APRIL 9, 1970—
REHEARING DENIED APRIL 23, 1970.

*Smith & Portman, Barnard M. Portman*, for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General, B. Daniel Dubberly, Jr.*, for appellee.

ON MOTION FOR REHEARING.

HAWES, Justice. Appellant, in his motion for a rehearing contends that the judgment of affirmance in this case should be set aside because he was never furnished a copy of the record from which he could secure proper references to the page numbers of the record to be inserted in his brief; that he relies in his enumeration of errors solely on errors contained in the judge's order overruling and denying the writ of habeas corpus;

that he has referred in his brief to the page numbers of the *order* itself which he contends are material, and that such references are therefore sufficient to meet the requirements of Rule 16, and that he accepts the facts as found by the judge in the order appealed from, but contends merely that the judge failed to apply the proper legal principles to the facts as he found them. He says that this court can easily refer to the index to the record to determine the location therein of the order itself and from the references to the pages of the order itself, as contained in his brief, can find all the portions of the record necessary to decide the case on its merits.

An examination of the enumeration of errors does not support movant in these contentions. For example, the first error enumerated is that "the court erred in ruling that the appellant's plea of guilty was freely, understandingly and voluntarily made." The facts recited in the judge's order, which was written pursuant to the requirements of Section 3 of the Act approved April 18, 1967 (Ga. L. 1967, pp. 835, 836; *Code Ann.* § 50-127(9)) clearly authorize the conclusion reached, as complained of in this ground of enumerated error, and if this enumeration is to mean anything to this court, it is necessary that the place or places in the record or transcript which the appellant contends demonstrate the error in such ruling be pointed out with particularity if Rule 16 is to be complied with. Neither the brief nor the enumeration of error points out any such evidence.

Likewise, all of the other grounds of enumerated error require a reference to a part or parts of the evidence in order for this court to ascertain whether or not appellant's contentions with respect thereto are valid. These grounds of enumerated error simply cannot be decided intelligently and correctly by this court without reference to the evidence, and nowhere in the brief of the appellant is there any reference to the place or places in the record or transcript where the evidence to which it is necessary for this court to refer in order to decide the issues, can be found. Under these circumstances this court will not undertake an aimless search of the record or a general

reading of the evidence in toto in order to ascertain if the contentions of the appellant are meritorious.

With reference to the contention made in the motion for a rehearing that "appellant was never furnished with a copy of the transcript of the evidence nor of an index of the record as it was sent up to the Supreme Court of Georgia," it is sufficient to point out that under the Appellate Practice Act of 1965 where a civil or criminal trial is reported by a court reporter and the evidence and proceedings are transcribed, the court reporter is required to file an original and one copy of the transcript with the clerk, and the clerk is required to send up to the appellate court the original thereof, and to retain in his office an exact duplicate of all records and transcripts sent up with the same pagination in his office as in the record transmitted to the appellate court. *Code Ann.* §§ 6-805(e) and 6-808(a). One of the purposes of this requirement is to afford local counsel in the county where the case was tried convenient access to the exact duplicate copy of the record so as to enable him to easily ascertain the proper references to be included in his brief and written argument to this court. There is no requirement of the law that the appellant be furnished with a copy of the transcript of the evidence or an index of the record, as it is no justification for the failure of the appellant to make proper references to the record and transcript in his brief that this was not done.

*Rehearing denied. All the Justices concur.*