50415. McCLURE v. LEASCO COMPUTER, INC.

QUILLIAN, Judge.

The plaintiff, appellant here, filed suit against the defendant, appellee here, alleging that it had breached a contract of employment. The defendant filed its answer and a motion for judgment on the pleadings. The motion was heard by the trial judge who granted the defendant's motion and ordered judgment against the plaintiff. Appeal was taken from that judgment. *Held:*

The plaintiff's complaint as amended alleged that the defendant employed the plaintiff pursuant to the terms of the letter of agreement; that in discussions prior to entering into employment with the defendant, defendant's agent specifically represented to the plaintiff that the defendant intended to market its services as it was then doing for many years and the plaintiff relied upon such representation in accepting his employment; that the plaintiff began his employment on October 1, 1973 and was terminated by the defendant on November 30, 1973, only two months later; that the plaintiff performed his services "extremely well" and was not terminated due to any reason whatsoever for failure to perform his employment with defendant. The plaintiff sought recovery as damages the amount of his base salary which was alleged to be $22,000 less the amount of $5,784.49 paid to him, a sum in the amount of $16,215.51,

plus loss of commissions, benefits, attorney fees, interest, loss of future income and loss of credit.

The agreement between the defendant and the plaintiff contained the following pertinent provisions: "(4) Marketing Responsibilities — 1973 (December 31, 1973) — To obtain a minimum of $585,000 in Finance Leases in 1973, such as trade ups with existing Lessees or Finance Leases on Computer Equipment and Capital Equipment. (5) Compensation Program — a. Guaranteed Annual Income — $22,000 to be paid in the following manner: b. Salary — $17,000 per annum, or $1,417.00 per month with a draw against commissions monthly at the following amounts: First three months $1,000.00 per month. Next six months $335.00 per month. c. The draw against commission will be non-recoverable by Leasco for the first three months, and all commissions earned will be paid as earned. After three months, the draw will be charged to commissions paid. d. Commissions payable under Leasco's approved Incentive Plan."

While the agreement provided that the employment began on October 1, 1973, there was no specific language indicating the time the agreement would run.

The defendant cites *Land v. Delta Air Lines,* 130 Ga. App. 231 (203 SE2d 316), as authority for the proposition where plaintiff seeks to recover on the basis of a "permanent" contract and the contract could not amount to such it will be held to be terminable at will. In such case the plaintiff would only be able to recover for the term for which the wages were payable, which in this case the defendant contends was one month. See also *Ely v. Stratoflex, Inc.,* 132 Ga. App. 569, 570 (208 SE2d 583).

A clear expression of the principles to be applied with regard to employment contracts is found in the early case of *Magarahan v. Wright & Lamkin,* 83 Ga. 773, 777 (10 SE 584): "Where a person is hired to serve another without any agreement as to the duration of service, there is no inflexible rule of law as to the length of time the hiring is to continue. The question as to the length of time the hiring is to continue will be governed by the circumstances of each particular case. If one is hired to work in a crop being raised, the presumption is, in the absence of circumstances showing a contrary intention,

that his term of service is to continue during the crop season. If one is hired to do general service on a farm, the presumption is, in the absence of an agreement to the contrary, or circumstances showing a contrary intention, that the term of service is to continue for a year. The same rule applies to the hiring of persons to do service in any business that requires constant labor. As this rule is not inflexible, and may be controlled by circumstances, the circumstance of agreeing on weekly, monthly, quarterly or half-yearly payment of wages may be sufficient of itself to create the presumption of a hiring for the corresponding periods. But the circumstances of the hiring, though no time is expressly agreed upon, may show that it was to continue for a year, although the payment of wages was to occur monthly."

For other cases detailing the test that must be applied in making a determination with regard to the length of a contract where no specific time is therein set forth, see *Baldwin v. Western Union Tel. Co.,* 93 Ga. 692 (21 SE 212); and *National Manufacture &c. Corp. v. Dekle,* 48 Ga. App. 515, 521 (173 SE2d 408), which points out: "As a general rule, the construction of a contract is a question for the court; but where the terms of a written instrument are ambiguous, its meaning should be left to the jury."

The terminology of the instant contract, while not entirely free from doubt, tends to indicate that the parties intended that the plaintiff be hired for a period of at least one year. This is evidenced by the marketing responsibilities which encompassed at least three months during which the plaintiff must obtain a minimum amount of finance leases, further evidenced by the use of the term "guaranteed annual income," and by the set up for commissions which includes three months at $1,000 per month, and the next six months at $335, with a draw after three months. With regard to meeting certain minimum requirements, see *Empire Box Incorporated v. Moore,* 87 Ga. App. 57, 65 (73 SE2d 63). Compare *Lowe v. Royal Crown Cola Co.,* 132 Ga. App. 37, 40 (1) (207 SE2d 620).

This case was determined on motion for judgment on the pleadings. Such motion should not be granted unless

the pleadings established that under no circumstances would the plaintiff be able to recover. *Gulf American Fire &c. Co. v. Harper,* 117 Ga. App. 356 (1) (160 SE2d 663). For application of this rule in an employment contract case, see *Stegall v. S. S. Kresge Co.,* 128 Ga. App. 679 (197 SE2d 737). On the record before us, it was error for the trial judge to decide as a matter of law that the plaintiff could not recover.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED MARCH 11, 1975 — DECIDED MAY 21, 1975.

*Henning, Chambers & Mabry, Edward J. Henning, Frederick W. Johnson,* for appellant.

*Cotton, Katz & White, J. Timothy White, Gerald White,* for appellee.