## 31349. OLIVEROS v. OLIVEROS.

NICHOLS, Chief Justice.

Appeal was granted on application of appellant to review an order of the trial court vacating a divorce decree in favor of appellant entered on February 6, 1976. The appellant filed suit for divorce upon the ground of cruel treatment and defendant was served on December 31, 1975. The petition had attached a rule nisi directing the defendant to show cause why the plaintiff's prayers should not be granted at 10 a.m., February 17, 1976. No answer was filed within 30 days, and the case was placed on the uncontested divorce calendar and judgment entered on February 6. It was brought to the court's attention that judgment was entered prematurely, and the trial court issued an order on March 5 holding the judgment in abeyance and set a hearing for April 1, 1976. After hearing, the court vacated the judgment and ordered temporary child support payments.

Absent a written waiver by defendant, he has the right to rely on the rule nisi as to the hearing on appellant's petition, "since a divorce cannot be granted by default, a mere failure to answer the complaint or a failure to contest some particular evidence would not be an admission that a divorce should be granted. Code Ann. § 30-113 (Ga. L. 1958, p. 315; 1967, pp. 226, 246)." *Benefield v. Benefield,* 224 Ga. 208 (2) (160 SE2d 895) (1968).

The trial court did not err in vacating the judgment as being prematurely entered.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 16, 1976 — DECIDED SEPTEMBER 28, 1976.

*Cunningham & Clarke, Raymond A. Cunningham,* for appellant.

*Richard B. Chandler, Jr.,* for appellee.