A89A2183. LINEBERGER v. WILLIAMS.
(393 SE2d 23)

CARLEY, Chief Judge.

Appellant-defendant undertook the restoration of commercial property that he owned. Although appellant acted as his own general contractor, he hired appellee-plaintiff to assist him. Under the terms of the written contract, appellee was to be compensated at the rate of $12 per hour and, in addition, he was to receive $6,000 in equal installments of $2,000 at three different stages of construction. The contract contained no express provision regarding its duration and, after commencement, but before completion of the work, appellee informed appellant that he was moving out-of-state. When appellant could not find a suitable replacement, he offered to pay appellee an additional $12 per hour if he would remain on the job and appellee then agreed that he would continue to perform until the project was completed. However, appellant subsequently refused to pay the promised additional compensation and appellee filed this action, seeking to recover $13,714 and attorney's fees pursuant to OCGA § 13-6-11. Appellant

answered, asserting that his promise to pay the additional compensation was unsupported by legal consideration in that appellee was already obligated under the original written contract to complete the project. Appellant also counterclaimed for breach of contract and abusive litigation.

The case came on for trial before a jury. The trial court denied cross-motions for directed verdict as to contractual liability and appellant's motion for directed verdict as to his liability for attorney's fees. The jury returned a verdict in favor of appellee. Appellant's motion for judgment n.o.v. or, in the alternative, new trial was denied and he appeals from the judgment entered by the trial court on the jury's verdict.

1. Appellant enumerates as error the denial of his motions for directed verdict and judgment n.o.v. as to his contractual liability for the additional compensation.

As noted, the contract contained no express provision as to the contemplated duration of appellee's services. If the contract for appellee's services was for the definite duration of the project, then he was contractually obligated to continue to perform until it was completed and appellant's promise of an additional $12 per hour would be unenforceable because it was not based upon any new consideration. See *Davis & Co. v. Morgan*, 117 Ga. 504 (43 SE 732) (1903); *Sineath v. Lane Co.*, 160 Ga. App. 402, 405 (287 SE2d 341) (1981); *Hiers-Wright Assoc. v. Manufacturers Hanover Mtg. Corp.*, 182 Ga. App. 732, 734 (2) (356 SE2d 903) (1987). If, on the other hand, the contract was of indefinite duration and thus terminable at the will of either party, then appellee was not contractually obligated to continue to perform and appellant's promise of an additional $12 per hour would be enforceable because it was based upon new consideration. See OCGA § 34-7-1.

As written, the provisions of the contract could be construed to mean that appellee was obligated to complete the project. On the other hand, those provisions may only denote the details of appellee's responsibilities, and the specifics of his compensation should he choose to remain on the job until it was completed. This ambiguity as to the contemplated duration of appellee's services remains even after application of applicable statutory rules of construction. Accordingly, this is one of those rare cases wherein construction of the contract was for the jury rather than the trial court. "Where the original instrument creating the employment is ambiguous as to whether the hiring was indefinite and determinable at . . . will . . . , or was for a definite period, a determination of the question would be for the jury." *National Mfg. &c. Corp. v. Dekle*, 48 Ga. App. 515, 522 (3) (173 SE 408) (1934). In such cases, " 'there is no inflexible rule of law as to the length of time the hiring is to continue. The question . . . will be

governed by the circumstances of each particular case.' " *McClure v. Leasco Computer*, 134 Ga. App. 871, 872 (216 SE2d 689) (1975). It follows that the trial court properly denied appellant's motions for directed verdict and judgment n.o.v. as to his contractual liability for the promised additional compensation.

2. By means of various instructions, the trial court submitted the issue of contractual ambiguity vel non to the jury. The trial court also charged the jury on several of the statutory rules of construction. Appellant enumerates the giving of these charges as error.

The trial court erred in charging the jury on the issue of contractual ambiguity vel non. It is for the trial court, not the jury, to determine the existence or non-existence of an ambiguity in a contract. See *Hearn v. Old Dominion Freight Lines*, 172 Ga. App. 658 (1) (324 SE2d 517) (1984); *Jones v. Barnes*, 170 Ga. App. 762, 765 (318 SE2d 164) (1984). The trial court also erred in charging the jury on the statutory rules of construction. " ' "The rules of law set forth in the Code with respect to the construction of contracts are framed for the guidance and direction of the courts." ' " *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986).

As we have held in Division 1, the contract at issue in the instant case remained ambiguous even after application of the statutory rules of construction. Accordingly, the trial court should have instructed the jury that the contract *was* ambiguous and that resolution of that ambiguity required consideration of evidence *outside* of the four corners of the contract. See *Bennett v. Dove*, 93 Ga. App. 57 (3) (90 SE2d 601) (1955). Instead, the trial court erroneously charged that it was for the jury to determine whether an ambiguity existed and that, in making that determination, the jury was to apply the statutory rules of construction to the four corners of the contract. Under the erroneously given charge, the verdict that was returned for appellee may have been based upon the jury's mistaken legal determination that the contract was, on its face, an unambiguous terminable-at-will employment contract. Accordingly, the error in the trial court's charge was not harmless and requires the grant of a new trial. See generally *Clarke County School Dist. v. Madden*, 99 Ga. App. 670, 679 (3) (110 SE2d 47) (1959).

3. Appellant enumerates as error the denial of his motions for directed verdict and judgment n.o.v. as to his liability for attorney's fees under OCGA § 13-6-11.

In the main action, appellee was the plaintiff and he was, therefore, entitled to seek attorney's fees pursuant to OCGA § 13-6-11 for his prosecution of that claim. As to appellant's counterclaim, however, appellee was the defendant and he was, therefore, not entitled to seek attorney's fees pursuant to OCGA § 13-6-11 for his defense of that claim. "[D]efendants cannot recover attorney['s] fees against plain-

tiffs under [OCGA § 13-6-11]. [Cits.]" *DuBose v. Box*, 246· Ga. 660, 669-670 (5) (273 SE2d 101) (1980). Appellee's evidence showed only the amount of reasonable attorney's fees that would be attributable to *both* his prosecution of the main action *and* his defense of appellant's counterclaim. There was no evidence showing the amount of reasonable attorney's fees that would be attributable to *only* appellee's prosecution of the main action. "Since there can be no recovery under OCGA § 13-6-11 for expenses incurred in the defense of a claim ([cit.]), and [appellee] failed to prove the attorney['s] fees involved in pursuit of his [main action, the trial court's failure to direct] a verdict in favor of [appellant] was [erroneous]. [Cits.]" *Batchelor v. Tucker*, 184 Ga. App. 761, 763 (2) (362 SE2d 493) (1987).

*Judgment reversed. Deen, P. J., McMurray, P. J., Birdsong, Sognier, Pope and Cooper, JJ., concur. Banke, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting.

The verdict and the conforming judgment should be affirmed. The charges to the jury on certain principles of contract law, if it was error to give them, were harmless. The award of attorney fees under OCGA § 13-6-11, which included the expense of defending against the counterclaim, was justified in the circumstances.

As correctly concluded in Division 1, the ambiguity in the contract required determination of facts found by the jury based on evidence presented to it. The trial court had come to this same conclusion in ruling on plaintiff's motion for partial summary judgment. In an order setting out the undisputed facts and the law applicable thereto which, although OCGA §§ 9-11-56 (c); OCGA § 9-11-52 (a) do not require it, is enlightening as an explanation to the parties and helpful to the appellate court, the judge extracted the issue clearly and articulated the legal principles for the construction of contracts. The judge carefully detailed the respective roles assigned to court and jury for the resolution of contract disputes. Relying in part on *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986), which is quoted by the majority, and applying the rules of construction in OCGA § 13-2-2, the court concluded that there was still ambiguity, so that the fact of the intention of the parties was up to a jury to find.

In this context, the parties went to trial, each side being of the opinion that the contract was unambiguous in its favor. Although defendant had made no motion for summary judgment, he contended throughout the trial that the contract clearly and unambiguously supported his position. That was also the basis for his motion for directed verdict and for judgment n.o.v., the denials of which he enumerates as error for the very same reason.

Defendant/appellant insisted on two interrogatories to the jury, over plaintiff's objection: "Do you find that under the original contract the parties' intent was for [plaintiff] to work until the project was completed[?]," which the jury answered "No"; "Do you find that the promise to pay [plaintiff] the additional $12.00 an hour was supported by legal consideration as that term was defined to you[?]," which the jury answered "Yes."

Thus the appellant is mistaken when he states, as the caption in that portion of his brief setting out the argument addressing the three enumerations dealing with jury instructions: "The trial court was required to determine as a matter of law whether the contract was ambiguous and committed error by submitting the issue of whether an ambiguity existed to the jury." The court had undertaken and fulfilled its duty to ascertain whether the contract was unambiguous as a matter of law and, after concluding it was still ambiguous after applying the rules of construction, it submitted the contract to the jury to resolve the remaining ambiguity by a finding of fact as to the intention of the parties. This was in conformity with the sense of the ruling, cited by the majority, in *Bennett v. Dove*, 93 Ga. App. 57 (3) (90 SE2d 601) (1955): " 'The construction of contracts is a prerogative of the courts which is delegated to the jury only when there are ambiguous expressions in the contract and resort must be had to aliunde testimony in order to clarify the meaning of the language used, as it was understood by the parties, and thus make plain their real intention.' *Ludden & Bates Southern Music House v. Dairy & Farm Supply Co.*, 17 Ga. App. 581 (87 S.E. 823)."

The court's statement to the jury of the law governing the ascertaining of the intention of the parties when there is a dispute between them on this matter was not error. It is not error to charge correct legal principles applicable to a case. *Davidson v. Consolidated Quarries Corp.*, 99 Ga. App. 359, 373 (7) (108 SE2d 495) (1959); see also *Griffith v. Newman*, 217 Ga. 533, 540 (4) (123 SE2d 723) (1962). That is particularly true when the now-targeted instructions are considered as part of the whole charge, which must be done. *Shirley v. State*, 245 Ga. 616, 619 (3) (266 SE2d 218) (1980). The instructions were not inappropriate, taking into account the defendant's efforts to persuade the jury that the contract was unambiguous in his favor.

None of the cases cited by the majority holds that it is error, much less reversible error, to instruct the jury on the principles now challenged. By way of the interrogatories which directed the jurors' attention to finding the contracting parties' intent, by the plethora of testimony and evidence outside of the written contract, and by the court's charge in its entirety, it is manifest that the jury was not misled as to its proper function in deciding the case and reaching a verdict. The jury's answers to the interrogatories also bear this out. It

did not find that it was the parties' intent by the contract that the contractor be found to work until the project was completed. The jury found that there was new consideration for the promise to pay an additional hourly wage if the contractor completed the project, implying of necessity that they took into consideration all of the evidence and found that it had not been the intention of the parties originally to bind the contractor to finish the job.

While instructing the jury on what constitutes a contract and how to ascertain the meaning of its terms, the court merely apprised the jury that, in effect, it could not construe the contract as a matter of law by looking at the four corners of the contract and applying the legal rules of construction, as there was ambiguity and it remained despite the completion of this process. The jury took it from there. This was in compliance with the three-step process of contract construction reiterated in *Travelers Ins. Co. v. Blakey*, supra at 700. There was no error, as there was in *Travelers*, where the trial court did not apply the rules of construction after first finding an ambiguity and, concluding that it still remained, only then submitting the ambiguity to the jury.

Further, appellant fails to relate each enumeration to a corresponding section of the argument in the brief. He fails also to show where each of plaintiff's requested charges and defendant's related objection and the corresponding giving of the charge appear in the record. Rule 15 (c) (3). See *Law v. Smith*, 226 Ga. 298 (174 SE2d 893) (1970); *Benefield v. Benefield*, 224 Ga. 208, 209 (5) (160 SE2d 895) (1968); *Hicks v. Maple Valley Corp.*, 223 Ga. 577, 578 (156 SE2d 904) (1967); *Chapman v. Gray*, 8 Ga. 337, 339 (1850).

I am authorized to state that Presiding Judge Banke joins in this dissent.

DECIDED MARCH 13, 1990 —
REHEARING DENIED MARCH 28, 1990 — ▮▮▮▮▮▮▮

*Adams, Gardner, Ellis & Inglesby, George L. Lewis*, for appellant.
*Oliver, Maner & Gray, Wendy W. Williamson*, for appellee.